Daniel J.R. LaCount, by his General Guardian, Daniel LaCount, Plaintiff-Respondent,

v.

General Casualty Company of Wisconsin, Defendant-Appellant,

Joseph W. Langer and Courtney J. Langer, Defendants-Third-Party Plaintiffs,

v.

Erin E. Penza, by her Natural Guardians, Don and Janet Penza, Molly J. Smith, by her Natural Guardians, Marvin and Julie Smith, ABC Insurance Company, DEF Insurance Company, GHI Insurance Company and XYZ Insurance Company, Third-Party Defendants,

Estate of James M. Wingfield, by its Personal Representative, Brenda K. Wingfield, Brenda K. Wingfield, Brett M. Wingfield, by his Natural Guardian, Brenda K. Wingfield, Abby L. Wingfield, by her Natural Guardian, Brenda K. Wingfield, Vanessa R. Van Laanen, by her Natural Guardians, Jody G. and Virginia Van Laanen, Third-Party Defendants-Respondents-Petitioners.

Supreme Court

*No. 2003AP3258. Oral argument December 1, 2005.
—Decided February 8, 2006.*

**2006 WI 14**

(Also reported in 709 N.W.2d 418.)

For the third-party defendants-respondents-petitioners, there were briefs by *R. George Burnett, Gregory B. Conway* and *Liebmann, Conway, Olejniczak & Jerry, S.C.*, Green Bay, and oral argument by *R. George Burnett*.

For the defendant-appellant there was a brief by *James W. Mohr, Jr.* and *Mohr & Anderson, LLC,* Hartford, and oral argument by *James W. Mohr, Jr.*

An amicus curiae brief was filed by *Susan R. Tyndall* and *CMT Legal Group, Ltd.,* Waukesha, on behalf of the Civil Trial Counsel of Wisconsin.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. This is a review of an unpublished decision of the court of appeals[1] reversing the judgment of the circuit court for Brown County, Mark A. Warpinski, Judge. We affirm the decision of the court of appeals.

¶ 2. The issue presented is whether paragraph (a) of Wis. Stat. § 632.32(3) (2003–04),[2] known as the omnibus coverage statute, compels an insurance company (here General Casualty) to provide separate policy limits for both the named insured (a father who signed an application for his minor daughter's[3] driver license, becoming her sponsor) and for the minor whose negligent operation of the motor vehicle caused her vehicle to collide with a van and injure several persons. The injured persons are the passenger in the minor's vehicle, the driver of the van (who was killed), and several passengers in the van. They are referred to herein collectively as the injured persons.

¶ 3. The father's liability as the sponsor for the minor driver's negligent operation of a motor vehicle is imposed by Wis. Stat. § 343.15(2)(b), providing that "any negligence . . . of a person under the age of 18 years

---

[1] *LaCount v. Gen. Cas. Co. of Wis.,* No. 2003AP3258, unpublished slip op. (Wis. Ct. App. Nov. 30, 2005).

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

[3] A minor for purposes of sponsorship is a person who is under the age of 18 years. *See* Wis. Stat. § 343.15.

when operating a motor vehicle upon the highways is imputed . . . to the adult sponsor who signed the application for such person's license. The . . . adult sponsor is jointly and severally liable with such operator for any damages caused by such negligent . . . misconduct."[4]

¶ 4. The injured persons and General Casualty agree (as does the court) that General Casualty must provide coverage for the liability of the father, the named insured who was the minor's sponsor, and for the liability of the negligent minor who operated the vehicle. The injured persons and General Casualty disagree about the limits of General Casualty's liability.[5] They disagree whether General Casualty's total

---

[4] Wis. Stat. § 343.15(2)(b).

Wisconsin Stat. § 343.15 states in relevant parts:

(1)(a) Except as provided in sub. (4), the application of any person under 18 years of age for a license shall be signed and verified by either of the applicant's parents, or a stepparent of the applicant or other adult sponsor, as defined by the department by rule. The application shall be signed and verified before a traffic officer, a duly authorized agent of the department or a person duly authorized to administer oaths.

. . . .

(2)(a) In this paragraph, "custody" does not mean joint legal custody as defined in s. 767.001 (1s).

(b) Any negligence or willful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the parents where both have custody and either parent signed as sponsor, otherwise, it is imputed to the adult sponsor who signed the application for such person's license. The parents or the adult sponsor is jointly and severally liable with such operator for any damages caused by such negligent or willful misconduct.

The parents of the minor in the present case are divorced. Only the father is the sponsor of the minor's driver license.

[5] While Wis. Stat. § 632.32 does not define "coverage" or "liability," the parties appear to agree that "coverage" refers to

potential liability for both the named insured (as the sponsor of the minor's application for a driver license) and the minor driver amounts to $1 million ($500,000 limited liability for each), as the injured persons claim, or $500,000, as General Casualty claims.

¶ 5. The circuit court granted summary judgment in favor of the injured persons and against General Casualty, concluding that paragraph (a) of Wis. Stat. § 632.32(3) requires General Casualty to provide the named insured (the sponsor) and his minor daughter with a cumulative liability of $1 million, although the limit of liability stated in the policy was $500,000 for each accident.

¶ 6. The court of appeals reversed the judgment of the circuit court. Applying the analysis of this court's decision in *Folkman v. Quamme,* 2003 WI 116, 264 Wis. 2d 617, 665 N.W.2d 857, interpreting paragraph (b) of Wis. Stat. § 632.32(3), the court of appeals held that paragraph (a) of Wis. Stat. § 632.32(3) (like paragraph (b)) does not prohibit General Casualty from applying the $500,000 policy limit as the limit on its total liability for both the named insured father and his minor daughter whose driver license he sponsored. The court of appeals concluded that under both paragraphs (a) and (b), "[w]hether considering the owner's coverage or the driver's coverage, they share a single limit of liability when the owner's liability is not based on a separate negligent act."[6]

---

those persons to whom the policy applies (*i.e.,* named insureds and omnibus insureds), while "liability," at least in the context of a "limit of liability," refers to the amount which the insurance company must pay on behalf of those who have coverage.

[6] *LaCount v. Gen. Cas. Co. of Wis.,* No. 2003AP3258, unpublished slip op., ¶ 5 (Wis. Ct. App. Nov. 30, 2005).

¶ 7. We affirm the decision of the court of appeals. We hold that paragraph (a) of Wis. Stat. § 632.32(3) does not require an insurance policy to provide separate limits of liability to both a person permissively using the covered vehicle and the named insured who is liable by statute for imputed negligence (as a sponsor for a minor's driver license) for the minor's negligent operation of a vehicle.

¶ 8. Furthermore, we interpret paragraph (a) of Wis. Stat. § 632.32(3) similarly to paragraph (b) regarding the application of policy limits to multiple insureds whose liabilities are covered by the same insurance policy. The text of paragraph (a) of Wis. Stat. § 632.32(3) (and the statutory and legislative history of paragraph (a)) and the case law support the conclusion that neither paragraph (a) nor paragraph (b) of Wis. Stat. § 632.32(3) requires an insurance policy to provide separate limits of liability to both a person permissively using the covered vehicle and the named insured who is liable by statute for imputed negligence (as a sponsor for a minor's driver license) for the minor's negligent operation of a vehicle.

I

¶ 9. The following material facts are undisputed for purposes of this proceeding. On October 15, 1999, the minor was negligently driving a vehicle that collided with a van; the driver of the van was killed, passengers in the van were injured, and a passenger in the vehicle driven by the minor was injured.

¶ 10. The motor vehicle the minor was driving was insured under a policy in which the minor's father was the named insured. The minor was explicitly named in the policy as a member of the family and a

permissive driver of the vehicle covered by the policy. The father was not in the vehicle at the time of the collision; his liability is based solely on the statute imposing joint and several liability on a sponsor of a minor's driver license for damage caused by the minor's negligent operation of a vehicle.

¶ 11. The insurance policy promises to pay bodily injury damages for which "any insured becomes legally responsible because of an auto accident." More than once the policy explicitly limits General Casualty's total liability for one occurrence under the policy to $500,000. The policy specifically states that this $500,000 limit is the most General Casualty will pay, regardless of the numbers of "insureds," claims made, or vehicles listed in the policy.[7]

---

[7] The provision provides in relevant part:

[T]he limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for property damage liability is our maximum limit of liability for all damages to all property resulting from any one auto accident.

This is the most we will pay regardless of the number of "insureds," claims made, vehicles or premiums shown in the Declarations, or vehicles involved in the auto accident.

The bodily injury limit in the policy in issue was $500,000.

This language appears to be consistent with the language used in automobile insurance policies in Wisconsin. *See, e.g.,* Arnold P. Anderson, *Wisconsin Insurance Law* Appendix B (5th ed. 2004), providing the following sample language for the "LIMIT OF LIABILITY" section of an automobile insurance policy:

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all

¶ 12. The policy omits a provision stating that "[c]overage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy . . . ," even though Wis. Stat. § 632.32(3) requires this provision.[8]

damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one automobile accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

. . . .

This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

[8] The injured persons argue that because the insurance policy does not include the precise language set forth in Wis. Stat. § 632.32(3) the policy is illegal and the penalty is to have the limitation of liability clauses stricken.

It appears that many automobile policies issued in this state have substantially the same language as appears in the policy in the instant case. *See* Arnold P. Anderson, *Wisconsin Insurance Law* Appendix B (5th ed. 2004) (providing sample policy language). The policy appears to comport with the requirements of the omnibus coverage statute by providing coverage to the insured and to anyone using the motor vehicle described in the policy and any person who has legal responsibility for the acts or omissions of a person for whom coverage is afforded. That language, while not parroting the statues, appears to provide the coverage that the omnibus coverage statute requires.

In any event, this court has held that omnibus coverage is imputed to every automobile insurance policy, regardless of

¶ 13. The passenger in the minor's vehicle, Daniel LaCount, filed suit against the father, the minor driver, and General Casualty, alleging that the minor's negligent operation of the vehicle caused his injuries.

¶ 14. The personal representative of the estate of the driver of the van and passengers in the van were impleaded. They filed a third-party complaint against the father and the minor driver.[9] The circuit court consolidated the cases.

¶ 15. On October 31, 2001, the injured persons moved for declaratory judgment that the General Casualty policy covered both the father and the minor driver separately up to $500,000 each per accident. In support of this motion, the injured persons argued that paragraph (b) of Wis. Stat. § 632.32(3) required General Casualty to provide two policy limits. The circuit court denied this motion on November 26, 2001.

¶ 16. On April 2, 2003, the injured persons came before the circuit court again. Having lost on the basis of paragraph (b) of Wis. Stat. § 632.32(3), this time they

---

whether the policy actually incorporates the language of the omnibus statute. *Drewek v. Milwaukee Auto. Ins. Co.*, 207 Wis. 445, 448, 240 N.W. 881 (1932); *see* Wis. Stat. § 631.15(3m) ("A policy that violates a statute or rule is enforceable against the insurer as if it conformed to the statute or rule.").

In addition, *Schenke v. State Farm Mut. Auto. Ins. Co.*, 246 Wis. 301, 305–06, 16 N.W.2d 817 (1944), upon which the injured persons rely, is inapposite. *Schenke* held that coverage exclusions in an insurance policy that violate the omnibus statute must be stricken from the policy.

The policy in the present case contains no provision that must be stricken or reformed.

[9] In separate responses to the impleader, the other passengers of the van also filed cross-claims against the father, the minor driver, and General Casualty.

argued that paragraph (a), rather than paragraph (b), required General Casualty to provide two policy limits.[10] This time the circuit court agreed with the injured persons and on June 30, 2003, issued a decision requiring General Casualty to pay separate $500,000 limits for both the father (as sponsor) and the minor driver.

¶ 17. On July 16, 2003, this court held in *Folkman v. Quamme*, 2003 WI 116, 264 Wis. 2d 617, 665 N.W.2d 857, that paragraph (b) of Wis. Stat. § 632.32(3) does not require separate liability policy limits if a party is liable because of imputed negligence. Based on the *Folkman* case, on July 30, 2003, General Casualty filed a motion in the circuit court for reconsideration. The

---

[10] In relevant parts, Wis. Stat. § 632.32(3) provides:

(3) Required provisions. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

(b) Coverage extends to any person legally responsible for the use of the motor vehicle.

Neither the injured persons nor General Casualty contends that the exceptions in Wis. Stat. § 632.32(5) apply in the present case. The Civil Trial Counsel of Wisconsin argues in its amicus brief that § 632.32(5)(f) applies. Paragraph (f) of § 632.32(5) provides:

A policy may provide that regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid the limits for any coverage under the policy may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available for bodily injury or death suffered by a person in any one accident.

Because we hold in favor of General Casualty under Wis. Stat. § 632.32(3)(a), we need not address this issue.

circuit court denied the motion on October 20, 2003, stating that there is no indication that this court intended its *Folkman* decision to apply to paragraph (a) of § 632.32(3).

¶ 18. General Casualty moved for leave to appeal, and the court of appeals granted the motion. The court of appeals held that *Folkman* should be extended to paragraph (a) of Wis. Stat. § 632.32(3) and reversed the circuit court's summary judgment against General Casualty.

II

¶ 19. The issue presented is whether paragraph (a) of Wis. Stat. § 632.32(3), the omnibus coverage statute, compels an insurance company (here General Casualty) to provide separate policy limits for both the named insured (a father who signed an application for his minor daughter's driver license, becoming her sponsor) and for the minor whose negligent operation of the motor vehicle caused her vehicle to collide with a van and injure several persons.

■■■■

¶ 20. This case requires us to interpret and apply paragraph (a) of Wis. Stat. § 632.32(3) to undisputed facts. The interpretation and application of a statute to undisputed facts is ordinarily a question of law that this court decides independently of the circuit court and court of appeals but benefiting from their analyses. To the extent that our decision requires that we interpret the insurance policy, an interpretation of an insurance policy is ordinarily a question of law.[11] Finally, because

---

[11] *West Bend Mut. Ins. Co. v. Playman,* 171 Wis. 2d 37, 40, 489 N.W.2d 37 (1992).

this case was decided on summary judgment and the material facts are not in dispute, we follow the standard of review set forth in Wis. Stat. § 802.08; we determine whether the circuit court correctly decided an issue of law in its decision on the summary judgment motion.[12]

### III

¶ 21. The issue presented requires us to interpret paragraph (a) of Wis. Stat. § 632.32(3), the statute at issue in the present case. To interpret paragraph (a) we must also examine paragraph (b).

¶ 22. Paragraph (a) of Wis. Stat. § 632.32(3) requires all motor vehicle insurance policies to provide that "[c]overage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy."

¶ 23. Paragraph (b) of Wis. Stat. § 632.32(3) requires that all motor vehicle insurance policies provide that "coverage extends to any person legally responsible for the use of the motor vehicle."

¶ 24. Paragraphs (a) and (b) of Wis. Stat. § 632.32(3) provide as follows:

> 632.32(3) Required provisions. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
>
> > (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in

---

[12] *Prince v. Bryant,* 87 Wis. 2d 662, 666, 275 N.W.2d 676 (1979).

370

the policy when the use is for purposes and in the manner described in the policy.

(b) Coverage extends to any person legally responsible for the use of the motor vehicle.

¶ 25. The named insured in the present case (the sponsor of the minor's driver license) clearly falls within paragraph (b); he is legally responsible for the use of the motor vehicle. The parties dispute whether paragraph (a) of Wis. Stat. § 632.32(3) requires an insurance policy to provide separate limits of liability to both a person permissively using the covered vehicle and the named insured who is liable by statute for imputed negligence (as a sponsor for a minor's driver license) for the minor's negligent operation of a vehicle.

¶ 26. General Casualty argues that paragraph (a) of Wis. Stat. § 632.32(3), while requiring that its policy provide the same coverage to the minor driver as it provides to the named insured (the father), does not require it to provide separate limits of liability for both the father-sponsor and the minor driver, each up to $500,000. General Casualty's position is that paragraph (a) of Wis. Stat. § 632.32(3) applies to the minor driver and paragraph (b) applies to the father and that the cases decided under paragraph (b) are adverse to the father.

¶ 27. In contrast, the injured persons argue that the father comes within paragraph (a) of Wis. Stat. § 632.32(3). They contend that under paragraph (a) of Wis. Stat. § 632.32(3), when a permissive user negligently operates a vehicle, both the permissive user and the named insured who is liable for imputed negligence as a sponsor of the application for a license of a minor driver must be given the same limits of liability with respect to that accident. In other words, the injured

371

persons contend that paragraph (a) requires that whatever liability limit is provided to the permissive user for the accident must also be provided to the named insured (the father) for his joint and several liability as sponsor of the minor's driver license. We examine the arguments of the parties.

## A

¶ 28. The injured persons argue that the word "apply" in paragraph (a) of Wis. Stat. § 632.32(3), as contrasted with the word "extend" in paragraph (b) of § 632.32(3), gives the two paragraphs fundamentally different meanings. According to the injured persons, the word "apply" in paragraph (a) compels General Casualty to do more than merely extend a single $500,000 limit of liability to be shared between the named insured and the permissive user. Rather, because "apply" means "to put to or adapt for a special use," the injured persons contend that General Casualty must provide the named insured and the permissive user with two separate $500,000 limits of liability, for a cumulative $1 million in liability, under paragraph (a).

¶ 29. This statutory interpretation argument is unconvincing. The text of paragraph (a) of Wis. Stat. § 632.32(3) (and the statutory and legislative history of paragraph (a)) suggest that paragraph (a) should be interpreted similarly to paragraph (b) regarding the application of policy limits to multiple insureds whose liabilities are covered by the same insurance policy.

¶ 30. First, the argument that a significant difference exists between "extend" and "apply," at least within the context of paragraphs (a) and (b) of Wis. Stat. § 632.32(3), is strained. It seems equally reasonable to argue that the legislature did not intend the notions of

application and extension of insurance coverage in the context of this statute to be different.

¶ 31. Second, and more to the point, the injured persons overlook the statutory and legislative history of Wis. Stat. § 632.32(3) that undermines their position.

¶ 32. In its original form, Wis. Stat. § 632.32(3) used "apply" and "extend" in a way that suggests that the legislature did not intend to distinguish between these two words. Paragraphs (a) and (b) of Wis. Stat. § 632.32(3) are derived from Wis. Stat. § 204.30 (1925).[13] Section 204.30 stated in relevant part as follows:

> (3) No such [automobile insurance] policy shall be issued or delivered . . . unless there shall be contained within such policy a provision reading substantially as follows: The indemnity provided by this policy is *extended to apply, in the same manner and under the same provisions as it is applicable to the named assured,* to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also *extend to any person,* firm or corporation *legally responsible for the operation of such automobile.* (Emphasis added.)

¶ 33. Thus, in its original 1925 version, coverage was "extended to apply" to "any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy." In the next sentence, coverage was also "extend[ed]" (presumably, as in the previous sentence, "to apply") to "any person, firm or corporation legally responsible for the operation of such automobile." Therefore, the language in the

---

[13] *See* § 2, ch. 372, Laws of 1925.

precursor to Wis. Stat. § 632.32(3) appears to undercut the argument made by the injured persons that there is a meaningful distinction between "extend" and "apply" as these words appear in paragraphs (a) and (b) in the present Wis. Stat. § 632.32(3).

¶ 34. Subsequent statutory changes also seem to undercut the interpretation proffered by the injured persons. In 1975, the legislature repealed Wis. Stat. § 204.30(3) (1975) and reenacted it as Wis. Stat. § 632.32(2)(b) (1975) to read as follows:

> (2) Coverage.
>
> . . . .
>
> (b) Required provisions. Every [automobile insurance] policy of the kind specified in sub. (1) issued or delivered . . . to the owner of a motor vehicle shall contain a provision substantially as follows: "The coverage provided by this policy *applies, in the same manner and under the same provision as it is applicable to the named insured,* to any person while riding in or operating any automobile described in this policy when the automobile is being used for purposes and in the manner described in the policy. Such coverage also *extends to any person legally responsible for the operation of the automobile.*"[14] (Emphasis added.)

¶ 35. The 1975 revision eliminated the phrase "extended to apply" and replaced it with "applies." There is nothing in the legislative history to support the argument that the elimination of the word "extended" was in any way a meaningful change. Further, by stating that the coverage provided by the policy "applies" to permissive users and passengers and "also extends" to the person legally responsible for operation of the automobile, the 1975 version of the omnibus

---

[14] *See* § 2, ch. 375, Laws of 1975.

statute suggests that the legislature did not intend to distinguish between "applies" and "extends."

¶ 36. In 1979, Wis. Stat. § 632.32(2)(b) (1975) was repealed and recreated as the present paragraphs (a) and (b) of § 632.32(3) as follows:

(3) REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured *applies in the same manner and under the same provisions* to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

(b) *Coverage extends to any person legally responsible for the use of the motor vehicle.*[15] (Emphasis added.)

¶ 37. In both the original 1925 statute and the 1975 reenactment, paragraphs (a) and (b) of Wis. Stat. § 632.32(3) were not separate provisions. Paragraphs (a) and (b) were two sentences in a single subsection requiring insurance coverage for both permissive users and those legally responsible.[16]

¶ 38. The 1975 and 1979 amendments were part of an ongoing effort by the Wisconsin Insurance Laws Revision Committee, the Legislative Council, and the Wisconsin Legislature to modernize Wisconsin's insurance laws.[17]

---

[15] *See* § 171, ch. 102, Laws of 1979.

[16] Drafting records from 1925 are unavailable. The Legislative Reference Bureau in Madison, Wis. has drafting records dating back only to 1927. Neither the 1975 drafting records nor the 1975 Legislative Council materials contain any explanation of Wis. Stat. § 632.32(2)(b)(1975).

[17] Wisconsin Stat. § 632.32 has been amended several times

¶ 39. Nothing in the 1979 amendments indicates that the meaning of the existing statute was changed by dividing Wis. Stat. § 632.32(3) into two paragraphs. Indeed, the 1979 session law enacting the current statute contains a Legislative Council note that addresses statutory changes made as a result of the passage of subsections (1), (2), (4), (5), and (6) of Wis. Stat. § 632.32.[18] The only statutory subsection for which the note does not describe any change is subsection (3) of § 632.32.[19]

¶ 40. We could find nothing in the extensive materials prepared by the Legislative Council Insurance Laws Revision Committee indicating that Wis. Stat. § 632.32(3) was being changed by its division into two paragraphs.[20] The court of appeals has commented that "[t]he legislative history of the omnibus coverage statute does not reflect that the legislature by amendment intended to 'sever' the connection between pars. (a) and (b) of sec. 632.32(3)."[21] It appears to us also that the

since 1979, but none of these amendments is relevant to the present case.

[18] § 171, ch. 102, Laws of 1979.

[19] For a similar discussion of the statutory revisions, see *Mills v. Wis. Mut. Ins. Co.,* 145 Wis. 2d 472, 480–82, 427 N.W.2d 397 (Ct. App. 1988), *overruled on other grounds by West Bend Mut. Ins. Co. v. Playman,* 171 Wis. 2d 37, 489 N.W.2d 915 (1992).

[20] *See, e.g.,* Legislative Council Report nos. 79–1 (Jan. 30, 1979), 79–2 (Jan. 30, 1979), 79–6 (Mar. 23, 1979), 79–10 (Apr. 2, 1979), 79–11 (Apr. 2, 1979); Legislative Council Insurance Laws Revision Committee, Committee Report No. 1 to the 1977–79 Legislative Council (Sept. 18, 1978, revised Dec. 6, 1978).

[21] *Mills v. Wis. Mut. Ins. Co.,* 145 Wis. 2d 472, 480, 427 N.W.2d 397 (Ct. App. 1988), *overruled on other grounds by West Bend Mut. Ins. Co. v. Playman,* 171 Wis. 2d 37, 489 N.W.2d 915 (1992) (emphasis supplied).

1979 revisions were not meant to accomplish a substantive change in the statute.[22]

¶ 41. The contention of the injured persons that there is a meaningful difference between "extend" and "apply" is strained. As the statutory and legislative history suggests, any distinction between the words in the current statute appears to be the by-product of an economization of language and a whittling down from the 1925 version of the statute in which "extend" and "apply" were not intended to be different.[23]

¶ 42. The text and statutory and legislative history of paragraph (a) of Wis. Stat. § 632.32(3) do not support the claim of the injured persons that under paragraph (a) the father-sponsor, as well as the permis-

---

[22] § 171, ch. 102, Laws of 1979; Wis. Stat. § 632.32 (1979).

[23] The injured persons argue that if paragraph (a) of Wis. Stat. § 632.32(3) provides protection to permissive users of an insured automobile and not to the named insured, paragraph (a) is unnecessary and superfluous. They contend that because paragraph (b) of Wis. Stat. § 632.32(3) provides protection to "any persons legally responsible for the use of the motor vehicle," the permissive driver of a motor vehicle is protected under paragraph (b) of § 632.32(3) because the driver is always legally responsible for the use of the motor vehicle.

We agree with the injured persons that a permissive user would ordinarily be a person legally responsible for the use of the motor vehicle and therefore would fall within paragraph (b) as well as paragraph (a) of Wis. Stat. § 632.32(3).

However, this analysis does not require the conclusion that paragraph (a) must provide separate limits of liability to the named insured to whom negligence is imputed.

Paragraph (a) provides protection to a group of individuals: permissive users of covered automobiles. Paragraph (b) provides coverage to a broader group of individuals, including driver license sponsors. Both work in tandem to require coverage of all of these individuals.

sive user, are each entitled to coverage in the amount of the limit of liability in the policy.[24] Rather the text and statutory and legislative history of paragraph (a) suggest that paragraph (a) should be interpreted similarly to paragraph (b) regarding the application of policy limits to multiple insured whose liabilities are covered by the same insurance policy.

B

¶ 43. To succeed in their claims, the injured persons must overcome the case law supporting the conclusion that neither paragraph (a) nor paragraph (b) of Wis. Stat. § 632.32(3) requires an insurance policy to provide separate limits of liability to both a person permissively using a covered vehicle and the named insured who is liable by statute for imputed negligence (as a sponsor for an insured's driver license) for the minor's negligent operation of a vehicle.

¶ 44. The injured persons initially brought their claims in the circuit court under paragraph (b) and failed. They then based their claims on paragraph (a) in an attempt to repackage their claims to accomplish what case law will not permit them to accomplish under paragraph (b).

¶ 45. The case law interpreting paragraphs (a) and (b) of Wis. Stat. § 632.32(3) has distinguished the limit of liability an insurance company must provide for two persons on the basis of whether their liability is grounded on active negligence or imputed negligence.

---

[24] An overwhelming majority of states and the District of Columbia have omnibus statutes. *See* 8 Lee F. Russ & Thomas F. Segalla, *Couch on Insurance,* § 111:22 (3d ed. 2004). The language of the statutes differs from state to state.

This variation presents a significant challenge to examining other state statutes to interpret § 632.32(3).

378

¶ 46. In trying to overcome the case law, the injured persons categorize the common-law distinction between active and imputed negligence as "a myth that has crept into Wisconsin jurisprudence" not based on any statutory language in Wis. Stat. § 632.32(3).

¶ 47. General Casualty, on the other hand, characterizes the distinction as "long-standing precedent" that this court should follow. A somewhat lengthy review of the case law is necessary to fully appreciate the arguments.

¶ 48. We begin with *Miller v. Amundson,* 117 Wis. 2d 425, 430–31, 345 N.W.2d 494 (Ct. App. 1984), in which the court of appeals applied Wis. Stat. § 632.32(2)(b) (1977), the precursor to § 632.32(3), to hold that an insurance company was required to pay two separate maximum limits of liability to two individuals found causally negligent for injuries suffered by a child in an auto accident. This case involves the language of what is now paragraph (a) of § 632.32(3).

¶ 49. The *Miller* case involved a mother and grandmother who placed the mother's child in the loaded cargo bed of a pickup truck. The grandmother was driving; the child's mother was a passenger in the truck. The child fell out of the truck and was injured. The circuit court jury found the grandmother 75 percent negligent for not safely securing the truck's load and the mother 25 percent negligent for breaching her duty to supervise her son by allowing him to ride in the back of the truck.

¶ 50. The insurance policy was issued to the grandfather; the grandmother was considered a named insured; the mother was considered an additional insured. The policy contained a single limit for bodily injury and property damage of $100,000 for "each occurrence." The insurance company argued that it was

obligated to pay no more than $100,000 in liability coverage, to be shared between the mother and grandmother.

¶ 51. The damages exceeded the $100,000 policy limit. The court of appeals reasoned that the grandmother reasonably expected the insurance company to pay $100,000 on her behalf. The court of appeals concluded that if the insurance company did not pay a separate $100,000 on the mother's behalf, the mother would not be receiving the same coverage in the same manner and under the same provisions as the grandmother, in violation of the omnibus coverage statute. Therefore, according to the court of appeals, the insurance company must, by virtue of what is now paragraph (a) of Wis. Stat. § 632.32(3), provide $100,000 coverage each for the mother and grandmother. "This result satisfies the requirements of sec. [632.32(3)(a)]. It provides [the grandmother] with the coverage she reasonably expected. It also provides the [mother] with the coverage she is entitled to as an additional insured."[25]

¶ 52. The *Miller* court never mentioned that paragraph (a) of Wis. Stat. § 632.32(3) made any distinction between liability for active negligence and imputed negligence.[26]

---

[25] *Miller v. Amundson,* 117 Wis. 2d 425, 430–31, 345 N.W.2d 494 (Ct. App. 1984).

[26] Analyzing paragraph (a) of Wis. Stat. § 632.32(3), *Iaquinta v. Allstate Ins. Co.,* 180 Wis. 2d 661, 665–66, 510 N.W.2d 715 (Ct. App. 1993), the court of appeals stated that "separate coverage must be provided only in cases where both the named insured and the additional insured are actively negligent."

For a discussion of the *Miller* case, see Arnold P. Anderson, *Wisconsin Insurance Law,* § 2.64–2.65 (5th ed. 2004).

¶ 53. Three years later the court of appeals in *Landsinger v. American Family Mutual Insurance Co.*, 142 Wis. 2d 138, 417 N.W.2d 899 (Ct. App. 1987), had to determine the application of paragraph (b) of Wis. Stat. § 632.32(3) in the context of a master-servant relationship. An individual was injured in an automobile accident caused by Paul, the servant of Christine, the insured master. Christine's insurance policy contained a bodily injury limit of liability of $100,000.

¶ 54. Despite this $100,000 policy limit, the Landsingers relied on the *Miller* case and argued that paragraph (b) of Wis. Stat. § 632.32(3) compelled the

The court of appeals in the *Miller-Landsinger-Mills-Iaquinta* line of cases sometimes discusses the issue of limits of liability in terms of separate "occurrences." *See Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 668, ("The fact that [*Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis. 2d 469, 329 N.W.2d 150 (1983)] explained that the two *acts* of negligence coalesce into one *occurrence* is of no import to our decision. In *Miller*, this court based its holding on the interplay between the two separate acts of negligence and the omnibus statute. For this reason we specifically explained that it was not necessary to resolve the question of whether the injury was caused by one or two occurrences. Thus, we conclude that *Bankert* in no way prohibits this court from applying our rationale in *Miller* to the instant case." (citation omitted)); *Miller*, 117 Wis. 2d at 429 n.3 ("The trial court . . . concluded that the accident was two occurrences. . . . Because we conclude that the omnibus coverage statute controls this case, we do not resolve this question."); *cf. Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis. 2d 469, 476–80, 329 N.W.2d 150 (1983) ("An occurrence is defined as an accident. This is what is insured against—not theories of liability. Accordingly, when the event insured against involves an automobile and happens away from the premises, the exclusion applies."); *Severude v. Am. Family Mut. Ins. Co.*, 2002 WI App 33, ¶ 16, 250 Wis. 2d 655, 639 N.W.2d 772 ("The reasonable interpretation of the word occurrence is that it refers to the event of injury.").

insurance company to make available separate $100,000 limits for both Christine and Paul.

¶ 55. The court of appeals rejected the argument and held that Paul and Christine were entitled to shared coverage of a single $100,000 limit of liability under subparagraph (b) of Wis. Stat. § 632.32(3). The court of appeals reasoned that when the insurance company paid $100,000, "Christine received the same dollar-for-dollar protection as did Paul for that same negligence. The liability of each was satisfied to the extent of that payment. Coverage therefore has been 'extended' to both Paul and Christine, the two persons legally responsible for the use of the vehicle, as required by sec. 632.32(3)(b), Stats. 1983."[27]

¶ 56. The court of appeals distinguished *Miller* on the ground that *Miller* involved paragraph (a) of Wis. Stat. § 632.32(3), while *Landsinger* involved paragraph (b), and *Miller* involved two tortfeasors, "each negligent in the same accident."[28] The court of appeals explained that "[w]hether a person to whom the negligence of another is imputed is entitled to separate coverage under sec. 632.32(3)(b) was not an issue in *Miller.*"[29]

¶ 57. Focusing on paragraph (b) of Wis. Stat. § 632.32(3), *Landsinger* does not provide strong support for applying the distinction between active negligence and imputed negligence to paragraph (a).

¶ 58. The next case is *Mills v. Wisconsin Mutual Insurance Co.,* 145 Wis. 2d 472, 427 N.W.2d 397 (Ct. App. 1988), *overruled on other grounds by West Bend Mutual Insurance Co. v. Playman,* 171 Wis. 2d 37, 489

---

[27] *Landsinger v. Am. Family Mut. Ins. Co.,* 142 Wis. 2d 138, 142–43, 417 N.W.2d 899 (Ct. App. 1987).

[28] *Id.* at 142.

[29] *Id.*

N.W.2d 915 (1992), considering paragraph (b) of Wis. Stat. § 632.32(3).[30] In *Mills,* Christopher Mills was injured in a one-car accident while riding as a passenger in his father's vehicle operated by Mills' 17–year-old friend, Michael Wintz. The father's policy limit was $50,000 each person and $100,000 each occurrence.

¶ 59. Michael's parents sponsored Michael's application for a driver license. The issue presented was whether the Mills' policy had to extend $50,000 of liability each to the parents of Wintz.

¶ 60. Relying on the *Landsinger* case, the court of appeals held in *Mills* that paragraph (b) of Wis. Stat. § 632.32(3) did not mandate such a result. The court of appeals explained its decision as follows:

> *Landsinger,* 142 Wis. 2d at 143, 417 N.W.2d at 901, holds that each person to whom the negligence of another is imputed is not entitled to policy-limits protection under sec. 632.32(3)(b), Stats. Because the liability of Robert and Sandra Wintz [the parents] is based upon the imputed negligence of Michael [the driver son], coverage is "extended" to them as required by sec. 632.32(3)(b) by Wisconsin Mutual's policy which protects them against liability *to the extent of the bodily injury liability limits of its policy. Id.* [The Mills' insur-

---

[30] Although *Mills v. Wisconsin Mutual Insurance Co.,* 145 Wis. 2d 472, 427 N.W.2d 397 (Ct. App. 1988), has been overruled by this court, we include the *Mills* case because the court of appeals referred to *Mills* in later cases.

Although the court of appeals has apparently treated its decisions as precedential even after this court has reviewed them, "[t]he effect of a court of appeals decision that has been reviewed by the court and resolved on a different issue has not definitively been answered." *Bergmann v. McCaughtry,* 211 Wis. 2d 1, 10 n.8, 564 N.W.2d 712 (1997); *see also State v. Gary M.B.,* 2004 WI 33, ¶ 44 n.1, 270 Wis. 2d 62, 676 N.W.2d 475 (Abrahamson, C.J., dissenting).

ance company's] limit-of-liability clause does not therefore conflict with the omnibus coverage statute.[31]

¶ 61. *Mills,* like *Landsinger,* construed paragraph (b) of Wis. Stat. § 632.32(3), not paragraph (a).

¶ 62. The next court of appeals decision is *Iaquinta v. Allstate Ins. Co.,* 180 Wis. 2d 661, 510 N.W.2d 715 (Ct. App. 1993), involving paragraph (a) of Wis. Stat. § 632.32(3). *Iaquinta* represents an endorsement of both *Miller* relating to active negligence under paragraph (a) and the *Mills* and *Landsinger* cases relating to imputed negligence under paragraph (b).

¶ 63. In *Iaquinta,* Tracy Monroe allowed Todd Rasmussen to operate her vehicle while he was intoxicated. Rasmussen crashed the vehicle into a vehicle driven by Alice Iaquinta, causing Iaquinta to sustain permanent injuries. Monroe's insurance policy had a $25,000 per person and $50,000 per occurrence limit of liability. Monroe and Rasmussen were both actively negligent—Rasmussen for operation of the motor vehicle and Monroe for negligent entrustment of the vehicle to Rasmussen.

¶ 64. The court of appeals agreed with Iaquinta that Monroe's insurance company must provide separate limits of liability for both Monroe and Rasmussen.[32] Paragraph (a) of Wis. Stat. § 632.32(3) and the

---

[31] *Mills v. Wis. Mut. Ins. Co.,* 145 Wis. 2d 472, 479, 427 N.W.2d 397 (Ct. App. 1988), *overruled on other grounds by West Bend Mut. Ins. Co. v. Playman,* 171 Wis. 2d 37, 489 N.W.2d 915 (1992) (emphasis added).

[32] For a similar result, see *Haislip v. S. Heritage Ins. Co.,* 492 S.E.2d 135 (Va. 1997), in which the Virginia Supreme Court held that "[e]ven though Southern Heritage's insurance policy contains a limitation of $25,000 per occurrence, that limitation, if applied, would violate the omnibus clause because once Southern

active negligence of two covered persons were at issue in *Iaquinta* as they were in the *Miller* case. The court of appeals concluded that the *Miller* case controlled.

¶ 65. In rendering the *Iaquinta* decision, the court of appeals never distinguished between paragraphs (a) and (b) of Wis. Stat. § 632.32(3). Rather, it just distinguished *Miller* from *Landsinger* and *Mills* as follows:

> We have recounted the holding of *Miller* in subsequent cases and explained that separate coverage must be provided only in cases where both the named insured and the additional insured are actively negligent. *See* [*Landsinger* and *Mills*]. Thus, where the negligence of the additional insured is merely *imputed* to the named insured, or where the named insured is vicariously liable, the holding of *Miller* is inapplicable and the policy limits expressed in the policy are unaffected by the omnibus statute.[33]

---

Heritage paid the $25,000 to settle Haislip's claims . . . the named insured, who paid the policy premiums, would not receive any liability insurance coverage." The Virginia Supreme Court subsequently held in *Johnson v. Windsor Ins. Co.*, 597 S.E.2d 31, 33–34 (Va. 2004), that a statutory change in the omnibus clause explicitly provided that insurance companies may limit their liability regardless of the number of insureds under a policy.

Many states with omnibus statutes do not require separate limits of liability regardless of the number of insureds who are actively negligent. *See, e.g., GRE Ins. Group v. Green*, 980 P.2d 963, 966, (Ariz. Ct. App. 1999) (negligent entrustment); *Infinity Ins. Co. v. Dodson*, 14 P.3d 487, 498 (Mont. 2000) (same); *Am. Standard Ins. Co. of Wis. v. May*, 972 S.W.2d 595, 600 (Mo. Ct. App. 1998) (same); *Schulte v. Progressive N. Ins. Co.*, 699 N.W.2d 437, 439–40 (S.D. 2005) (same); *Manriquez v. Mid-Century Ins. Co. of Tex.*, 779 S.W.2d 482, 485 (Tex. App. 1989) (same), *disapproved of on other grounds by Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997).

[33] *Iaquinta v. Allstate Ins. Co.*, 180 Wis. 2d 661, 666, 510 N.W.2d 715 (Ct. App. 1993).

¶ 66. The injured persons argue that *Iaquinta* is unsound because it merged paragraphs (a) and (b) without any discussion or reasoning.[34]

¶ 67. *Folkman v. Quamme,* 2003 WI 116, 264 Wis. 2d 617, 665 N.W.2d 857, is a recent case in which the Wisconsin Supreme Court reinforced the distinction between liability based on active negligence and liability based on imputed negligence in connection with Wis.

---

[34] For a summary of *Miller, Mills, Landsinger,* and *Iaquinta* that recognizes the active negligence/imputed negligence distinction, see Arnold P. Anderson, *Wisconsin Insurance Law* §§ 2.64–.65 (5th ed. 2004). In discussing these cases, Anderson does not distinguish between paragraphs (a) and (b) of Wis. Stat. § 632.32(3) in analyzing when separate limits are required. Like the court of appeals in the *Miller-Mills-Landsinger-Iaquinta* line of cases and this court in *Folkman v. Quamme,* 2003 WI 116, 264 Wis. 2d 617, 665 N.W.2d 857, Anderson focuses exclusively on the active negligence/imputed negligence distinction.

*Landsinger* appears to be the only one of these cases to recognize any distinction between paragraphs (a) and (b). *Landsinger v. Am. Family Mut. Ins. Co.,* 142 Wis. 2d 138, 142, 417 N.W.2d 899 (Ct. App. 1987) ("In *Miller,* an automobile liability policy provided $100,000 coverage per occurrence. We held that where the named insured and an additional insured were each negligent in the same accident, each was entitled separate coverage under the provisions now in sec. 632.32(3)(a), Stats. . . . Whether a person to whom the negligence of another is imputed is entitled to separate coverage under sec. 632.32(3)(b) was not an issue in *Miller.*"). The *Landsinger* court failed, however, to make clear whether it was relying on some (non-apparent) distinction between paragraphs (a) and (b) or, rather, whether it was relying upon the active/imputed negligence distinction. The *Mills* opinion, which was decided by the same three judges who decided *Landsinger,* makes clear that the distinction lies in whether the negligence was active or imputed. *Mills v. Wis. Mut. Ins. Co.,* 145 Wis. 2d 472, 479, 427 N.W.2d 397 (Ct. App. 1988).

Stat. § 632.32(3) and applied *Miller* (a paragraph (a) case) to paragraph (b).

¶ 68. *Folkman* involved an automobile accident caused by 17–year-old driver Keith Folkman. Keith's mother and Keith's brother were riding in the vehicle driven by Keith and were seriously injured. Keith was covered under an insurance policy that had a stated limit of liability of $25,000 per person and $50,000 per occurrence.

¶ 69. Keith, his mother, and his brother were all "insureds" under the policy. Keith's parents had liability imputed to them as a result of their sponsorship of Keith's application for a driver license.

¶ 70. The Folkmans brought suit against their insurance company, claiming that paragraph (b) of Wis. Stat. § 632.32(3) required the insurance company to provide separate limits of liability for Keith's parents. The Folkmans argued that if each dollar their insurance company paid on behalf of Keith were subtracted from the amounts the insurance company owed the parents, coverage would not have been extended to them as required under paragraph (b).

¶ 71. The *Folkman* court relied on all the cases set forth above, without distinguishing between those interpreting paragraph (a) of Wis. Stat. § 632.32(3) and those interpreting paragraph (b). The *Folkman* court seemed to merge paragraphs (a) and (b), viewing *Miller-Iaquinta* (decided under paragraph (a)) as narrowed by *Landsinger-Mills* (governing paragraph (b)).[35] The court explained its approach as follows:

[35] The court explained as follows:

The Folkmans contend that Society [their insurance company] failed to extend coverage to all insureds who were liable for the accident, namely, Keith Folkman (as driver), as well as Debra Folkman and Kenneth Folkman, Sr. (as parent-sponsors of Keith

In two cases [*Miller* and *Iaquinta*], the court of appeals interpreted the omnibus statute to double liability coverage, notwithstanding the limits of liability in the policies, because the negligence of two insureds in each case was viewed as a separate occurrence. Under the rule in *Miller* and *Iaquinta,* limitation on liability conflicts with § 632.32(3)(b) when both the named insured and an additional insured that is "legally responsible for the use of the motor vehicle" are each actively negligent.

However, in cases of vicarious liability, § 632.32(b) does not extend policy-limits protection to both the tortfeasor and the person or persons vicariously liable for the tortfeasor's wrongdoing. . . . In instances where someone is "legally responsible for the use of a motor vehicle" but where he or she has no liability independent of the negligence of another, a single liability is shared by the tortfeasor and the sponsor. The distinction between *Miller* and *Landsinger-Mills* reflects this sharing of a single liability.[36]

¶ 72. Thus, it appears that under *Folkman* both paragraphs (a) and (b) of Wis. Stat. § 632.32(3) cannot be read to compel an insurance company to provide a separate limit of liability to a sponsor of a minor's driver license, except when the sponsor is liable for active negligence.[37]

---

Folkman). This overarching premise is false. Society did extend coverage to all three insureds. The problem the insureds face is not that one or more of them were not covered under the policy. The problem is that the named insured did not purchase a greater amount of per occurrence liability.

*Folkman v. Quamme,* 2003 WI 116, ¶ 60, 264 Wis. 2d 617, 665 N.W.2d 857.

[36] *Folkman v. Quamme,* 2003 WI 116, ¶¶ 63–64, 264 Wis. 2d 617, 665 N.W.2d 857 (citations omitted).

[37] In *Folkman,* this court did not expressly apply its holding to paragraph (a). However, as the text accompanying this

388

¶ 73. The injured persons argue that the disposition of the present case should be controlled not by *Folkman*, but by *Smith v. National Indemnity Co.*, 57 Wis. 2d 706, 205 N.W.2d 365 (1973). We conclude that *Smith* and *Folkman* are distinguishable and are not in conflict.[38]

¶ 74. In *Smith*, the issue before the supreme court was whether the precursor to paragraph (a) of Wis. Stat. § 632.32(3)[39] compelled an insurance company to grant the same policy limits to the renter of an automobile as it granted to the owner of the automobile. The insurance policy issued to a car rental agency specified that the owners of the vehicles were covered with a $100,000 per person limit of liability; renters of the same vehicles, by contrast, were covered with a $10,000 per person limit of liability. After a renter of one of the vehicles got into an accident, the renter sued

footnote demonstrates, the rationale of *Folkman* derives from cases under both paragraph (a) and paragraph (b).

[38] Court of Appeals Judge Sundby, the author of the unanimous *Mills* opinion, alluded to the *Smith* case in a footnote in *Mills* stating that he "agrees that *Landsinger* controls but suggests that the applicability of the omnibus coverage statute should be reexamined in light of the legislative history of the statute and the cases decided thereunder, most notably *Smith v. National Indemnity Co.*, 57 Wis. 2d 706, 205 N.W.2d 365 (1973)." The court of appeals in the present case concluded that "to the extent there is any inconsistency [between *Smith* and *Folkman*], the later decision (*Folkman*) by the supreme court controls . . . . [W]e perceive no inconsistencies between *Smith* and *Folkman*. The General Casualty policy provides identical coverage to [the minor driver and the father]. They merely share a single limit of liability." *LaCount v. Gen. Cas. Co. of Wis.*, No. 2003AP3258, unpublished slip op., ¶ 6 (Wis. Ct. App. Nov. 30, 2005).

[39] The statute at issue was Wis. Stat. § 204.30(3) (1967).

the insurance company on the grounds that the omnibus coverage limits of liability mandated that the insurance company extend the same limit of liability enjoyed by the owner to the renter. The court held that contrary to the written terms of the policy, the policy must be deemed by virtue of the precursor of paragraph (a) of Wis. Stat. § 632.32(3) to afford the renters protection to the extent of the higher limits.

¶ 75. *Smith,* in contrast to *Folkman* and the case at bar, did not concern whether the omnibus coverage statute compels an insurance company to make available two separate and distinct limits of liability for two persons. *Smith* merely addressed an insurance company's obligation to provide the same levels of liability to those insured under a single policy and to the permissive user. General Casualty does not contend that different limits are payable in the present case. It offers its full limits of $500,000 for the combined liability of the minor driver and the father-sponsor. General Casualty is correct to argue that *Smith* should not control the present case.

¶ 76. The basic argument presented by the injured persons is that determining the limits of liability by distinguishing between liability based on active negligence and liability based on imputed negligence is flawed. They assert that the *Miller-Landsinger-Mills-Iaquinta-Folkman* cases are not well reasoned; that the cases rely to a large extent on dicta; that the cases merge paragraphs (a) and (b) of Wis. Stat. § 632.32(3) without any real discussion or explanation; and that the distinction between liability on the basis of active negligence and imputed negligence in these cases has no basis in the text of Wis. Stat. § 632.32(3).

¶ 77. These arguments have some appeal. The reasoning of the cases is limited; they do merge para-

graphs (a) and (b) of Wis. Stat. § 632.32(3) without much discussion or explanation; and the distinction between liability on the basis of active negligence and imputed negligence has no basis in the text of Wis. Stat. § 632.32(3).

¶ 78. Furthermore, the injured persons argue that the distinction between active negligence and imputed negligence makes little sense. If requiring two actively negligent insureds to share one policy limit insulted the legislative purpose of Wis. Stat. § 632.32(3), as *Miller* held, requiring the named insured who is liable because of imputed negligence to share a limit with an actively negligent driver is similarly offensive. It contradicts the expectation of policyholders who think they are covered for the full amount of the liability limit in the policy; the policyholder does not expect to share the liability limits.

¶ 79. The injured persons present the following difficult questions:

> From [the father's] perspective: why would the Legislature pass a law requiring him to be actively negligent in order to acquire the full insurance protection that he purchased? From [the minor driver's] perspective: if, as *Miller* advised, § 3(a) protects drivers and named insureds alike, why should an actively negligent driver receive full policy limits in *Miller* but partial limits here? The Omnibus Statute never mentions these senseless distinctions but they are the natural consequences of the Court of Appeals decision [in *Miller*].

¶ 80. In contrast, General Casualty urges that the injured persons' reasoning that an insurance company's obligation to pay multiple limits depends not on the terms of the policy but on the number of insureds leads to absurd results. Suppose, argues General Casualty, there were two sponsors. Would there be three sets of

limits? Suppose there were two sponsors plus a permissive user who allowed another to drive the automobile. Would there now be four sets of limits?[40]

¶ 81. Although the injured persons make interesting arguments, we are bound by case law since 1983, including *Folkman,* which this court decided three years ago, that has distinguished between liability based on active or imputed negligence and has apparently merged paragraphs (a) and (b) of Wis. Stat. § 632.32(3) in discussing the limits of liability. Furthermore, the text of paragraph (a) supports the argument that the paragraph does not require separate limits of liability for the permissive user and the named insured. The legislature has not amended the statute, and insurance companies have relied on this case law in writing policies for many years.

¶ 82. While we recognize that Wis. Stat. § 632.32(3) is intended to have the remedial purpose of protecting insureds and third parties, and generally expanding insurance coverage,[41] such a purpose neither

---

[40] *Danielson v. Gasper,* 2001 WI App 12, 240 Wis. 2d 633, 623 N.W.2d 182, cited by General Casualty for the proposition that the number of negligent insured does not affect the liability limits, is inapposite. The policy in *Danielson* was issued in Minnesota, so Wis. Stat. § 632.32 did not apply. *Danielson,* 240 Wis. 2d 633, ¶ 9; *see* Arnold P. Anderson, *Wisconsin Insurance Law* § 2.65 (5th ed. 2004).

[41] *See, e.g., Nordahl v. Peterson,* 68 Wis. 2d 538, 551, 229 N.W.2d 682 (1975); *Home Ins. Co. v. Phillips,* 175 Wis. 2d 104, 114, 499 N.W.2d 193 (Ct. App. 1993); *Carrell v. Wolken,* 173 Wis. 2d 426, 437, 496 N.W.2d 651 (Ct. App. 1992); *Miller v. Amundson,* 117 Wis. 2d 425, 429–30, 345 N.W.2d 494 (Ct. App. 1984); *see also* 8 Lee F. Russ & Thomas F. Segalla, *Couch on Insurance* § 111:3 (3d ed. 2004) ("In general, the purpose is to increase the

requires nor permits the court to interpret paragraph (a) of Wis. Stat. § 632.32(3) contrary to its text and its statutory and legislative history and prior case law. For the reasons set forth, we hold that the text of paragraph (a) (and the statutory and legislative history of paragraph (a)) suggest that paragraph (a) should be interpreted similarly to paragraph (b) regarding the application of policy limits to multiple insureds whose liabilities are covered by the same insurance policy. Twenty years of case law supports the conclusion that neither paragraph (a) nor paragraph (b) of Wis. Stat. § 632.32(3) provides separate limits of liability to both a person permissively using the covered vehicle and the named insured who is liable by statute for imputed negligence (as a sponsor for a minor's driver license) for the minor's negligent operation of a vehicle.

*By the Court.*—The decision of the court of appeals is affirmed and the cause is remanded to the circuit court.

¶ 83. N. PATRICK CROOKS, J., took no part.

---

number of injured parties who can recover from insurance policies, rather than denying the injured party the ability to recover from available insurance because the permissive driver is otherwise uninsured.").