HENSEL, Appellant, vs. WITT, Respondent.

*November 28—December 13, 1907.*

*Brokers: Right to commissions: Easements: Termination: Adverse possession.*

1. In an action by a broker for commissions, the evidence, stated in the opinion, is *held* to warrant the direction of a verdict for the defendant.
2. The possession of land in subordination to an easement therein for any length of time will not affect the owner of the easement. It does not disseize such owner and so does not have any element of adverse possession.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover on a commission contract respecting the sale of real estate.

The claim of the plaintiff was that under contract with defendant he procured a person ready, willing, and able to purchase the latter's farm and personal property thereon for $7,000, paying therefor in part, at an agreed valuation, a brick building and the land on which it was situated in New London, Wisconsin, the agreed compensation for the services being three per cent. of the selling price of the farm and personalty, and that defendant refused upon due demand being made to pay plaintiff such compensation.

The claim of the defendant was that the proposed purchaser was not able to carry out the contract for exchange of

properties, because he did not have or control a full title to the brick store and land on which it was situated, therefore that plaintiff failed to earn his commission.

The evidence was to this effect: The proposed purchaser, M. C. Trayser, agreed to transfer to defendant, in part payment of the farm and personalty, "a brick store and lot 4, block 4, in Millard and Taft's plat of the city of New London, except five feet off of the east side sold to J. Logan & Co., and ten feet off of the west side sold to W. A. Sterling." The brick building was twenty-eight feet wide. The west wall was one half on the land conveyed to Sterling, while the east wall, and so much of the building as to leave only about twenty-three feet and nine inches in width, was located on the five feet conveyed to J. Logan & Co.

There was a stairway and hall five feet wide running the whole length of the building, immediately east of the east wall. One half of such stairway and hall was on that part of the lot proposed to be conveyed to the defendant. The owner of the five-foot strip possessed an equal right with the owner of the building to use such stairs and hallway. In short, that part of the lot, lying west of the center of the stairway, proposed to be conveyed to the defendant was incumbered with the easement mentioned, possessed by the owner of the five-foot strip, while the Trayser ownership of the building was subject to such easement and the right of the owner of that part of the lot west of the building to use the wall on that side as a party wall and the owner of that part of the lot east of the building to likewise use the wall on that side. Trayser and those associated with him, whose rights he offered to transfer to defendant, had been in possession of the building for some thirty years. The proposed purchaser never offered to convey to defendant, nor was he able to convey the brick building and the land on which it was situated, except subject to the rights of others as aforesaid.

On the facts stated the trial court directed a verdict in favor of the defendant.

For the appellant the cause was submitted on the brief of *Humphrey Pierce.*

*Giles H. Putnam,* for the respondent.

MARSHALL, J. It is conceded, as the fact is, that if Trayser was not able, as the court found, to make title to the property as he agreed, the direction of the verdict is right. We see no escape from the trial court's conclusion that respondent was never afforded an opportunity to acquire a good title to such property. Counsel for appellant seems to see no way of escape from such conclusion, as to the east side of the building, except upon the theory that the easement was extinguished by adverse possession. The claim in that regard seems wholly untenable since the occupants of the store from first to last recognized the existence of such easement. It is elementary that possession of land in subordination to the rights of others therein for any length of time will not affect such rights. It does not disseize the true owner, and so does not have any element of adverse possession.

*By the Court.*—Judgment affirmed.