Genske v. Jensen, 188 Wis. 17.

GENSKE, Respondent, vs. JENSEN and wife, Appellants.

*September 24—October 20, 1925.*

*Exchange of property: What constitutes "merchantable" title: Liquor restrictions: Building lines: Covenants: Restrictions imposed by common grantor on lots sold to several grantees: Who must release.*

1. A contract for the exchange of property which required an abstract of title showing it to be "merchantable" means a good or marketable title, such as would be conveyed by an ordinary warranty deed. p. 19.
2. An abstract of title showing a building line thirty feet from the street and a restriction against the sale of liquor on the premises did not present a merchantable title which the purchaser could be compelled to accept, even though a court of equity could not enforce the restriction by reason of changed conditions or through non-observance, and though the restriction was imposed by statute or ordinance; and where the broker failed to effect a sale or exchange because of the purchaser's refusal to accept such title, he could not claim a commission. p. 19.
3. Where a restriction has been imposed on several lots by a common grantor, the right to enforce such restriction is vested in all the lotowners and the common grantor, and can be released only by consent of all the grantees of lots for whose benefit the restriction is imposed. p. 19.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed, with directions.*

The action was for the commission of a real-estate broker in making an exchange of the property of the appellants according to a written contract. The appellants listed their real estate for sale with the respondent, who was a real-estate broker. Thereafter the respondent brought one Elizabeth Wyss and the appellants together, and Wyss and the appellants entered into a contract for the exchange of properties in which both parties agreed to produce abstracts of title within a reasonable time, showing title to the properties to be merchantable. The abstract of title furnished by Wyss disclosed a building line thirty feet back from the street, in the plat of the lots agreed to be conveyed, and further showed that the lots were subject to a restriction, made by the common grantor of these and other lots, against the sale of intoxicating liquors on said lots, and a forfeiture to the grantor in case of any such sale.

The appellants refused to accept the conveyance of said lots with such restriction, and after the time had expired within which the respondent was authorized to make the sale of the appellants' property, appellants conveyed the property to another grantee.

The action was tried before the court and a jury, and at the conclusion of the testimony both parties moved for a directed verdict. The court thereupon directed judgment in favor of the plaintiff, and the defendants appealed.

For the appellants there was a brief by *Kuehnl & Malloy* of Kenosha, and oral argument by *John F. Kuehnl.*

For the respondent there was a brief by *Stewart & Vaudreuil* of Kenosha, and oral argument by *Calvin Stewart.*

CROWNHART, J. There is only one fact in issue, and that is as to whether or not the title of Wyss, as shown by

the abstract, was merchantable. If the title was merchantable, the respondent is entitled to his commission under his contract with the appellants. If it was not merchantable, respondent is not entitled to a commission. We are not cited to any case defining "merchantable" as used in a real-estate contract, but it is fair to say that the term was used in the contract in question as meaning a good or marketable title, such as would be conveyed by an ordinary warranty deed. The title that is incumbered by an easement is held not to be a good title. *Hensel v. Witt,* 134 Wis. 55, 113 N. W. 1093. Covenants, restrictions, and charges affecting the property contracted for, unless removed or released, will constitute an incumbrance entitling the purchaser to refuse to take title. 39 Cyc. 1499; *Neff v. Rubin,* 161 Wis. 511, 154 N. W. 976, and cases there cited. A purchaser cannot be compelled to accept property subject to building restrictions imposed by covenants in a deed or agreement, unless excepted by the terms of the deed or contract, or released, even though a court of equity would not enforce them because conditions have changed since they were made or because they have become obsolete and inoperative by reason of non-observance. A purchaser may also be justified in refusing to perform because of the existence of a valid building or other restriction imposed by statute or ordinance, or by authorized municipal authorities, or by an existing charge against the property by reason of violation of such a restriction. 39 Cyc. 1500; 27 Ruling Case Law, 508.

There was an attempt made to release the restriction on the Wyss property by obtaining a quitclaim deed from the original grantor, but no release or quitclaim was obtained from other lotowners whose title had been likewise obtained from the common grantor. The right to enforce such a restriction is vested in all the lotowners and the common grantor. 13 Cyc. 718. The restriction can be released only by the assent of all of the grantees of the platted lots for

whose benefit such restriction was imposed. *Hopkins v. Smith,* 162 Mass. 444, 38 N. E. 1122; *Raynor v. Lyon,* 46 Hun, 227.

The appellants were within their rights in refusing to consummate the sale or exchange of property; no sale or exchange was made, and hence no commission was earned by the agent.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment in favor of the appellants.