BANKERS TRUST COMPANY OF CALIFORNIA, N.A.,
Plaintiff-Respondent,

v.

Dan BREGANT a/k/a Daniel Bregant, Steven L.
Ceasar, Rochelle Ceasar, ITT Hartford, Wisconsin
Gas Company, Law Office of Rollie R. Hanson,
S.C., East Capital Drive Foods, Inc. d/b/a East
Side Pick N Save, Judith Herman, Randy J.
Weyhrich, and Julie Weyhrich, Defendants,

NORTH MEADOWS HOMES ASSOCIATION, INC.,
Defendant-Appellant.†

Court of Appeals

*No. 02–2085. Submitted on briefs February 4, 2003.—Decided
March 11, 2003.*

2003 WI App 86

(Also reported in 661 N.W.2d 498.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Gerald J. Mayhew* of *Trebon & Mayhew*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jay Pitner* of *Gray & End, L.L.P.*, Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. WEDEMEYER, P.J.    The Woodlands Condominium Homeowner's Association, Inc., f/k/a North Meadows Homes Association, Inc. (Woodlands) appeals from an order confirming the sale of a foreclosed residential condominium unit. Woodlands contends that the trial court erred as a matter of law in confirming the foreclosure sale because the confirmation violated a duly recorded ownership use limitation. Because

857

WIS. STAT. § 703.10(6) (1999–2000)[1] prohibits condominium bylaws from affecting the transfer of title to a condominium unit, we affirm.

## BACKGROUND

¶ 2. On April 10, 1997, Dan Bregant executed a mortgage in favor of Bankers Trust Company of California, N.A. to finance the purchase of 9125–E West Allyn Street in Milwaukee, Wisconsin, a condominium at Woodlands. The mortgage was recorded in the register of deeds office on April 17, 1997. At that time, the bylaws of the Woodlands did not require that its units be owner-occupied. Effective May 1, 2001, however, the bylaws were amended, adopting an "Ownership Limitations of Use" amendment requiring that the sale of units on or after May 1, 2001, only be to owners "who will reside in the unit" purchased. The ownership limitation document was recorded in the register of deeds office on April 24, 2001.

¶ 3. On June 29, 2001, Bankers Trust filed a mortgage foreclosure action against Dan Bregant, Steven L. Ceasar, and Rochelle Ceasar, relating to a condominium unit held in their names located in the Woodlands complex. Subsequently, Woodlands was joined as a defendant because of its lien and interest in the condominium unit.

¶ 4. On March 14, 2002, the court granted Bankers Trust a judgment of foreclosure for $29,207.68. At the sheriff's sale, Bankers Trust submitted a bid of $8500. Steven Green, d/b/a Atlas Holding (Green), submitted a higher bid for $8600. Green's bid was

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

accepted. Woodlands objected to the confirmation of the sale on the grounds that the sale to Green violated the "Ownership Limitations of Use" which prohibited the sale of any condominium unit at Woodlands to an owner who would not reside in the condominium unit. After a hearing on the objection, the trial court confirmed the sale. Woodlands now appeals.

## ANALYSIS

¶ 5.   Woodlands contends that the trial court erroneously exercised its discretion as a matter of law in confirming the sheriff's sale of the Bregant condominium to Green because he did not intend to be an owner-occupant as required by the "Ownership Limitations of Use" document. To begin our analysis, we first review the statutes that are relevant to our consideration.

### A. Relevant Statutes

¶ 6.   WISCONSIN STAT. § 846.165(2) sets forth certain provisions for the application of confirmation of a foreclosure sale:

> In case the mortgaged premises sell for less than the amount due and to become due on the mortgage debt and costs of sale, there shall be no presumption that such premises sold for their fair value and no sale shall be confirmed and judgment for deficiency rendered, until the court is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs.

¶ 7.   The current chapter 703, entitled the "Condominium Ownership Act" was created by Laws of 1977, ch. 407, § 2, effective August 1, 1978, to consist of

859

§§ 703.01 to 703.38. As pertinent to this appeal, Wɪs. Sᴛᴀᴛ. § 703.10(1), entitled "Bylaws," reads:

> Bʏʟᴀᴡs ᴛᴏ ɢᴏᴠᴇʀɴ ᴀᴅᴍɪɴɪsᴛʀᴀᴛɪᴏɴ. The administration of every condominium shall be governed by bylaws. Every unit owner shall comply strictly with the bylaws and with the rules adopted under the bylaws, as the bylaws or rules are amended from time to time, and with the covenants, conditions and restrictions set forth in the declaration or in the deed to the unit. Failure to comply with any of the bylaws, rules, covenants, conditions or restrictions is grounds for action to recover sums due, for damages or injunctive relief or both maintainable by the association or, in a proper case, by an aggrieved unit owner.

¶ 8. Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 703.10(3), entitled "Pᴇʀᴍɪs-sɪʙʟᴇ ᴀᴅᴅɪᴛɪᴏɴᴀʟ ᴘʀᴏᴠɪsɪᴏɴs," reads:

> The bylaws also may contain any other provision regarding the management and operation of the condominium, including any restriction on or requirement respecting the use and maintenance of the units and the common elements.

¶ 9. Lastly, Wɪs. Sᴛᴀᴛ. § 703.10(6), entitled "Tɪᴛʟᴇ ᴛᴏ ᴄᴏɴᴅᴏᴍɪɴɪᴜᴍ ᴜɴɪᴛs ᴜɴᴀꜰꜰᴇᴄᴛᴇᴅ ʙʏ ʙʏʟᴀᴡs," reads:

> Title to a condominium unit is not rendered unmarketable or otherwise affected by any provision of the bylaws or by reason of any failure of the bylaws to comply with the provisions of this chapter.

## B. Standard of Review

¶ 10. When reviewing a trial court's decision to confirm a judicial sale following a judgment of foreclosure, we consider whether the court properly exercised

its discretion. *First Wis. Nat'l Bank of Oshkosh v. KSW Inv., Inc.*, 71 Wis. 2d 359, 363, 238 N.W.2d 123 (1976). Confirmation may be rejected "if there is an apparent inadequacy in the price which was caused by mistake, misapprehension or inadvertence on the part of the interested parties or possible bidders." *Id.* (citation omitted). In addition, confirmation "may be denied in the discretion of the trial court if the bid price was so inadequate so as to shock the conscience of the court." *Id.* (citation omitted). Furthermore, if a trial court bases its exercise of discretion upon an error of law, its action is beyond the limits of discretion and it is deemed to have erroneously exercised that power. *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733 (1968).

## C. Application

¶ 11. Here there is no claim that the price bid by Green did not represent "fair value" or was an inadequate price due to "mistake, misapprehension, inadvertence" or because the accepted bidding price "shocks the conscience of the court." Rather, Woodlands claims the trial court erroneously exercised its discretion by confirming a foreclosure sale where title would pass to a person who would not be an owner-occupant, contrary to the bylaws. Because the effect of a duly recorded deed restriction on condominium properties sold at a sheriff's sale has not been directly addressed before, this is a case of first impression.

¶ 12. The basis for Woodlands's objection to the confirmation of sale is an amendment to its bylaws. The amended bylaw, Article XVII, entitled "Ownership Limitations of Use," states in pertinent part:

The sale of all units shall only be made to an owner who will reside in the unit . . . .

The above ownership requirements do not apply to an owner who acquires ownership pursuant to foreclosure of their lien or accepts a deed in lieu of foreclosure . . . .

. . . .

The Board of Directors may adopt any measures it deems appropriate to implement and enforce this Article.

¶ 13.  Woodlands, referring to the above bylaw restriction, contends that the trial court committed an error of law when it confirmed the sheriff's sale to Green in clear violation of the provision. It argues:  "At the hearing, it was not disputed that the Ownership Limitations of Use was enforceable and would be violated by the confirmation of the sheriff's sale." It further claimed:  "Mr. Green cannot buy that unit because he's not going to live there, and this court would be confirming a sheriff's sale contrary to law." We are not persuaded for two reasons.

¶ 14.  First, the trial court found that, under the circumstances, the price bid by Green was a "fair and reasonable value." It further held:

It's not for me to decide who buys it and who doesn't, if they're a good tenant or bad tenant, if they're going to live there or not. He says he's not going to live there. I think you probably have a good chance to keep him out, but that's a separate lawsuit.

. . . I'll hold it's not within this court's purview at this time to decide whether or not the bylaws should be enforced or not. That's separate litigation . . . .

¶ 15.  This excerpt and the entire record of the hearing demonstrate that there is no basis to claim it was "undisputed" that the confirmation of the sheriff's

sale would be a violation of the "Ownership Limitations of Use" amendment. That was the precise cynosure of this dispute. It is uncontroverted that all the parties recognized the bylaw restriction of owner-occupancy was enforceable if Green did not move into the unit he purchased. We note from our reading of the amended bylaw that the requirement for owner-occupancy is couched in the future tense. At the time of the hearing to confirm, the failure to occupy had not occurred. Title did not pass to Green until confirmation, which then vested him with the right of possession. *Gerhardt v. Ellis*, 134 Wis. 191, 196, 114 N.W. 495 (1908); Wis. Stat. § 846.17. The transfer of title to Green by sheriff's deed did not violate the owner-occupancy requirement. It is manifest from the comments of the trial court that it recognized Woodlands's objection was premature and a basis for any enforcement action had not yet ripened. *See Klaus v. Vander Heyden*, 106 Wis. 2d 353, 364, 316 N.W.2d 664 (1982).

¶ 16.   Second, even the potential of Green's failure to occupy his purchased unit has no recognized legal relationship to the confirmation of the sheriff's sale and the transfer of title. As set forth above, Wisconsin's condominium law, Wis. Stat. § 703.10(6), protects the title to a condominium unit in that its title cannot be rendered unmarketable or otherwise affected by any provision of the bylaws.

¶ 17.   Woodlands argues that Wis. Stat. § 703.10(6) supports rather than refutes its authority to adopt the Ownership Limitations of Use and its binding effect on owners and mortgagees alike. It concludes that the statute cannot be read as Bankers Trust argues, "that by-laws cannot affect title to condominium units." The logic of Woodlands's premises is

problematic, however, because the statute clearly indicates that the provisions of the bylaws cannot render a title unmarketable.

¶ 18.  Good title or marketable title are terms often used interchangeably with some exceptions. Title that is encumbered by an easement is not a good title. Covenants, restrictions, and charges affecting the property involved, unless removed or released, will constitute an encumbrance entitling the purchaser to refuse to take title as a bad or unmarketable title. *See generally, Genske v. Jensen*, 188 Wis. 17, 205 N.W. 548 (1925); *Douglass v. Ransom*, 205 Wis. 439, 237 N.W. 260 (1931). No legal authority need be cited for the common-sense proposition that transferability of title is a key characteristic of title marketability. The clear language of Wis. Stat. § 703.10(6) dictates that no bylaw restriction whatsoever can render a title to a condominium unit unmarketable or "otherwise affect [it]." Yet, Woodlands attempts to apply its bylaw restriction to block the transfer of title, thereby rendering the title to the condominium unit unmarketable and "otherwise affected." On the one hand, Woodlands argues that the transfer of title by sheriff's sale to Green cannot occur because it violates a bylaw prohibition and therefore is contrary to law. Yet, on the other hand, it argues that the bylaw restriction does not render the title to the unit unmarketable.

¶ 19.  This argument is in direct contravention to the provisions of Wis. Stat. § 703.10(6). To defeat a transfer of title by sheriff's sale is tantamount to

rendering the title unmarketable or, at the very least, to adversely affecting its marketability.[2]

¶ 20.   In confirming the sheriff's sale permitting the transfer of title of the condominium unit, the trial court did not erroneously exercise its discretion for two reasons. First, it properly complied with the statutory rubrics for confirming a sheriff's sale in finding that the accepted bid price represented a fair value. Second, it properly refused to apply the restrictive provisions of the Ownership Limitations of Use amendment, consistent with a reasonable reading of Wis. Stat. § 703.10(6).

*By the Court.*—Order affirmed.

---

[2] Any additional arguments need not be addressed, as we have disposed of this appeal on the narrowest possible grounds. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).