763 N.W.2d 126 (2009)
2009 WI 28
APPLE VALLEY GARDENS ASSOCIATION, INC., Plaintiff-Respondent,
v.
Gloria MacHUTTA and Steven MacHutta, Defendants-Appellants-Petitioners.
No. 2007AP191.
Supreme Court of Wisconsin.
Argued October 7, 2008.
Decided March 27, 2009.
*127 For the defendants-appellants-petitioners there were briefs by Randall L. Nash and O'Neil, Cannon, Hollman, DeJong, S.C., Milwaukee, and oral argument by Randall L. Nash.
For the plaintiff-respondent there was a brief by Matthew R. Jelenchick, Brian A. Romans, and Niebler, Pyzyk, Klaver & Carrig LLP, Menomonee Falls, and oral argument by Matthew R. Jelenchick.
An amicus curiae brief was filed by Jonathan B. Levine, Jessica L. Boeldt and the Law Firm of Jonathan B. Levine, Milwaukee; and Daniel J. Miske and Petrie & Stocking SC, Milwaukee, on behalf of Community Associations Institute Wisconsin Chapter, Inc., and oral argument by Jonathan B. Levine.
An amicus curiae brief was filed by Thomas D. Larson, and Debra P. Conrad, Madison, on behalf of the Wisconsin REALTORS® Association, and oral argument by John A. Kassner III.
¶ 1 MICHAEL J. GABLEMAN, J.
This is a review of a published decision of the court of appeals affirming the entry of summary judgment in favor of Apple Valley Gardens Association, Inc. (the "Association") by the Circuit Court for Waukesha County, Paul F. Reilly, Judge.[1] Three issues are presented. First, may a condominium complex prohibit the rental of condominium units through an amendment to the bylaws, or must such a restriction be placed in the condominium's declaration? Second, does the condominium declaration at issue here create a right to rent that precludes the enforcement of a bylaws amendment prohibiting condominium rentals? And third, does a prohibition on the rental of condominium units render title to those units unmarketable in violation of Wis. Stat. § 703.10(6) (2007-08)[2]?
¶ 2 Spouses Gloria and Steven MacHutta (collectively, "the MacHuttas") each currently own one condominium unit in the Apple Valley Gardens condominium complex. Steven MacHutta developed the complex in the late 1970s. The declaration of condominium, recorded in July 1979 to establish the condominium (the "declaration"), contained no restriction regarding rental of the units. However, on December 18, 2002, the Association amended the *128 condominium bylaws (the "bylaws amendment") to prohibit rental of the condominium units. In 2004, Gloria MacHutta leased her condominium unit to a new tenant over the Association's objection, claiming that the rental prohibition was ineffective because it had not been added to the condominium declaration. The Association then filed an action in the circuit court seeking an order for declaratory judgment that the bylaws amendment was enforceable. The circuit court ultimately entered summary judgment in favor of the Association, which the court of appeals affirmed.
¶ 3 We hold that the condominium bylaws amendment prohibiting the rental of condominium units is permissible under Wis. Stat. § 703.10(3). We further conclude that the condominium declaration in this case does not conflict with the bylaws amendment prohibiting unit rental. Having been duly adopted by the Association, the bylaws amendment is therefore enforceable under Wis. Stat. § 703.10(1). Additionally, in accord with Wis. Stat. § 703.10(6), the bylaws amendment constitutes a mere restriction on the use of the condominium units, and does not in any way affect the quality of the units' title or marketability. Under the undisputed facts of this case, the Association is entitled to summary judgment as a matter of law. Accordingly, we affirm the decision of the court of appeals.

I. BACKGROUND
¶ 4 In 1979, Steven MacHutta built, developed, declared, and incorporated the Apple Valley Gardens condominium complex. The condominium declaration provided in pertinent part:
8. PURPOSERESTRICTION ON USE. The buildings and each of the units are intended for the purpose of single family residential use only and are restricted to that use. Any lease or oral or written rental agreement shall not relieve an owner from his obligation to pay common expenses or any other obligations imposed upon unit owners by this Declaration.
¶ 5 In 1988, following a dispute between the MacHuttas and the Association, the parties entered into a settlement agreement[3] that limited Steven MacHutta, his immediate family members, and his business to ownership of a maximum of four condominium units. The agreement also granted Steven MacHutta the right to rent the units he owned. The agreement did not grant Gloria MacHutta the right to rent any condominium units, and she did not own the unit at issue in the present case at the time the settlement agreement was entered.
¶ 6 Steven MacHutta now owns Unit 2-110, and Gloria MacHutta owns Unit 2-206. Gloria MacHutta leases her unit to a tenant. The use of Steven MacHutta's unit is not at issue in the present case.
¶ 7 In 2002, the Association membership duly amended Article VI, ¶ 6.1(j) of the condominium bylaws to prohibit rental of the condominium's units as follows:
j. Owner occupied.

i. Effective January 1, 2003, all units are required to be owner occupied. No residential unit owner shall rent, lease or otherwise so demise any residential unit or any part therein. Owners shall not permit the use of said unit by any party *129 other than owner or owner's immediate family member.
ii. An owners' [sic] observance of and performance under a rental agreement, lease, or other instrument granting occupancy in a residential unit in effect as of December 18, 2002 shall not be a violation of this subparagraph (j). . . . When the existing tenants . . . vacate their respective units, said units shall become owner occupied under this subparagraph (j), irrespective of the effective date of the rental agreement, lease, or other instrument granting occupancy in a residential unit.
¶ 8 The Association also duly amended the bylaws to include a provision in Article IX, ¶ 9.1 requiring written consent from the board of directors for the renewal or extension of any lease or rental agreement.
¶ 9 In 2004, Gloria MacHutta's then-tenant vacated the rental unit. Wishing to lease the unit to a new tenant, Gloria MacHutta submitted a lease application to the Association's board of directors for its consent. The board refused, however, invoking the 2002 bylaws amendment. Undeterred, Gloria MacHutta proceeded to lease her unit to the new tenant.

II. PROCEDURAL HISTORY
¶ 10 The Association filed suit against the MacHuttas seeking a declaratory judgment that the 2002 bylaws amendment prohibiting unit rental was enforceable. The MacHuttas counterclaimed, alleging that the Association had tortiously interfered with the new rental contract and had breached the 1988 settlement agreement between the Association and the MacHuttas which permitted Steven MacHutta to lease condominium units. The MacHuttas moved for judgment on the pleadings, which the circuit court denied, and the court of appeals denied the MacHuttas' petition for leave to appeal denial of their motion for judgment on the pleadings. The parties then filed cross motions for summary judgment. The circuit court entered summary judgment in favor of the Association, holding that: (1) Wis. Stat. § 703.09(1) does not prohibit condominium bylaws from containing use restrictions; (2) Wis. Stat. § 703.10(3) expressly allows condominium bylaws to contain use restrictions; (3) the Association duly amended the bylaws to prohibit the rental of units; (4) Wis. Stat. § 703.10(1) requires condominium unit owners to strictly comply with the bylaws as they are amended from time to time; (5) the bylaws amendment prohibiting unit rental does not affect the quality of owners' title to their units, and thus does not violate Wis. Stat. § 703.10(6); and (6) the 1988 settlement granted Steven MacHutta, but not Gloria MacHutta, permission to rent units, and it in no way relieved Gloria MacHutta of her duty to comply with the bylaws amendment prohibiting unit rental.
¶ 11 The court of appeals affirmed, concluding that: (1) Wis. Stat. § 703.10(3) permits use restrictions to be placed in the bylaws; (2) the unit rental prohibition in the bylaws does not render unit title unmarketable in violation of Wis. Stat. § 703.10(6); and (3) the 1988 settlement agreement did not relieve Gloria MacHutta of her obligation to abide by the rental prohibition. Apple Valley Gardens Ass'n, Inc. v. MacHutta, 2007 WI App 270, 306 Wis.2d 780, 743 N.W.2d 483. The MacHuttas then sought review before this court.

III. STANDARD OF REVIEW
¶ 12 Because the present case was determined on cross motions for summary judgment based on undisputed facts, this court's review is de novo, and we *130 apply the summary judgment methodology specified in Wis. Stat. § 802.08. See LaCount v. Gen. Cas. Co. of Wis., 2006 WI 14, ¶ 20, 288 Wis.2d 358, 709 N.W.2d 418. We thus determine under Wis. Stat. § 802.08(2) whether there is any genuine issue as to any material fact, and if not, which party is entitled to judgment as a matter of law. The present case also involves interpretation of condominium documents and statutes, all of which present matters of law reviewed de novo. See Jones v. Jenkins, 88 Wis.2d 712, 722, 277 N.W.2d 815 (1979) (holding that the interpretation of written instruments is reviewed de novo); Plachta v. Plachta, 118 Wis.2d 329, 332, 348 N.W.2d 193 (Ct.App. 1984) (holding that the construction of statutes is reviewed de novo).

IV. ANALYSIS

A.
¶ 13 The first question is whether a condominium complex may prohibit the rental of condominium units through an amendment to the bylaws, or whether such a restriction must be placed in the condominium's declaration. The MacHuttas contend that the applicable statutes require a restriction on renting units to be placed in the declaration. Because that did not occur here, the MacHuttas assert the bylaws amendment is unenforceable. We disagree. Wisconsin law is clear, and we hold that use restrictions, including restrictions on the ability of owners to rent their units, may be enacted through the bylaws.
¶ 14 It is true that condominium declarations do and must include information regarding the usage of the units. Wisconsin Stat. § 703.09(1)(g) requires that a declaration contain a "[s]tatement of the purposes for which the building and each of the units are intended and restricted as to use." The use restrictions in mind here are general in nature. Nothing in this provision or in any other section of the Wisconsin Condominium Ownership Act (Wis.Stat. ch. 703) requires that all restrictions on use must be identified in the declaration. Similarly, no statute suggests that a prohibition on the rental of condominium units must be placed in the declaration to be effective. Declarations are not required to be exhaustive as to permissible uses of condominium units.
¶ 15 This is where bylaws come in. Bylaws govern the administration of condominiums. Wisconsin Stat. § 703.10(1) explains:
(1) BYLAWS TO GOVERN ADMINISTRATION. The administration of every condominium shall be governed by bylaws. Every unit owner shall comply strictly with the bylaws and with the rules adopted under the bylaws, as the bylaws or rules are amended from time to time, and with the covenants, conditions and restrictions set forth in the declaration or in the deed to the unit. Failure to comply with any of the bylaws, rules, covenants, conditions or restrictions is grounds for action to recover sums due, for damages or injunctive relief or both maintainable by the association or, in a proper case, by an aggrieved unit owner.
This section requires strict compliance with restrictions that are added to a condominium's bylaws after the declaration is recorded.
¶ 16 Wisconsin Stat. § 703.10(3) expressly authorizes the placement of additional use restrictions in condominium bylaws:
PERMISSIBLE ADDITIONAL PROVISIONS. The bylaws also may contain any other provision regarding the management and operation of the condominium, including any restriction on or *131 requirement respecting the use and maintenance of the units and the common elements. (Emphasis added.)
This provision does not contain limitations on the types of restrictions that can be implemented through bylaw amendments. Therefore, as long as use restrictions do not conflict with the declaration (an issue taken up in Section IV.B. below) or with state or federal law, they are valid and enforceable.
¶ 17 We recognize that this empowers condominium associations to take actions that limit the rights of individual owners. There is an inherent tension between the competing interests of supermajority owners[4] and individual owners. A unit owner might be frustrated, financially or otherwise, by the loss of her ability to rent out her unit. But the statutes are clear that associations have this power. Condominium ownership is a statutory creation that obligates individual owners to relinquish rights they might otherwise enjoy in other types of real property ownership. When purchasing a condominium unit, individual owners agree to be bound by the declaration and bylaws as they may be amended from time to time. See Le Febvre v. Osterndorf, 87 Wis.2d 525, 532, 275 N.W.2d 154 (Ct.App.1979) ("The bylaws may provide for restraints on the use of condominium units for the benefit of all unit owners.").
¶ 18 The MacHuttas' argument, then, that a restriction on the rental of condominium units must be placed in the declaration, simply does not square with the applicable statutes. The fact that lenders and purchasers rely on recorded declarations is irrelevant. If lenders and purchasers wish to know whether and under what conditions a condominium unit may be rented out, they may easily inquire of both the declaration and the bylaws. Even so, the association, if not prohibited by the declaration, could choose to withdraw an owner's ability to rent out his or her unit at a later date. This is one of the sacrifices of condominium ownership under the current statutory scheme.[5]

B.
¶ 19 The second question is whether the condominium declaration at issue here creates a right to rent, and therefore precludes the enforcement of the bylaws amendment prohibiting unit rentals. The MacHuttas insist,[6] and the dissent agrees, *132 that the declaration does conflict with the bylaws amendment, rendering it unenforceable.
¶ 20 Wisconsin Stat. § 703.30(4) states: "If there is any conflict between any provisions of a declaration and . . . any provisions of the bylaws, the provisions of the declaration shall control." Thus, if the declaration does create a right to rent, the bylaws amendment prohibiting rental would be unenforceable.
¶ 21 Paragraph 8 of the Association's declaration, the provision in question here, provides as follows:
8. PURPOSERESTRICTION ON USE. The buildings and each of the units are intended for the purpose of single family residential use only and are restricted to that use. Any lease or oral or written rental agreement shall not relieve an owner from his obligation to pay common expenses or any other obligations imposed upon unit owners by this Declaration.
The issue, then, is whether this provision does in fact establish an affirmative right to rent one's unit. We believe that it does not create or imply a right to rent.
¶ 22 The first sentence of paragraph 8 states the general purpose and restriction as to use, that is, "single family residential use." The second sentence then recites that owners who lease their units are still financially responsible to the Association.
¶ 23 This second sentence obviously contemplates that units might be rented out. Steven MacHutta certainly did not intend to foreclose the option of leasing one's unit in the condominium declaration. No one disputes this. Indeed, we agree with the dissent that "the declaration itself does not impair a unit owner's right to lease or rent a condominium unit." Dissent, ¶ 56.
¶ 24 But the dissent overplays its hand. The dissent argues that the declaration's recognition of the possibility of unit rentals and its clear openness to leasing somehow creates an affirmative right to rent. See Dissent, ¶ 57. This simply does not follow. When read in context, this provision neither grants a right to rent one's unit nor prohibits it. The gravamen of the sentence has nothing to do with a right to rent. Rather, its purpose is to emphasize the unyielding nature of the owners' financial obligations whether a unit owner rents or occupies his or her unit. The dissent makes the mistake of believing that a declaration's neutral contemplation of unit rentals somehow constitutes a positive right to lease one's unit. No provision of the declaration expressly permits renting units. On the contrary, paragraph 21 of the declaration specifically authorizes the Association to "make reasonable rules and regulations governing the use of the units," which is precisely what the Association did when it amended the bylaws to prohibit rental after the current tenants vacated their units.
¶ 25 The declaration contains no explicit, implicit, or inherent right to rent one's unit. Accordingly, we hold that the restriction on renting effectuated by the 2002 bylaws amendment does not conflict with the declaration and is enforceable against the MacHuttas.

C.
¶ 26 The third issue is whether the prohibition on renting one's condominium unit violates Wis. Stat. § 703.10(6) by rendering title to the subject units unmarketable. *133 The MacHuttas contend that the rental prohibition use restriction created by the Association's bylaws amendment reduces the pool of potential purchasers of Gloria MacHutta's currently rented unit, thereby rendering it unmarketable in violation of the statute. We disagree.
¶ 27 Wisconsin Stat. § 703.10(6) provides:
TITLE TO CONDOMINIUM UNITS UNAFFECTED BY BYLAWS. Title to a condominium unit is not rendered unmarketable or otherwise affected by any provision of the bylaws or by reason of any failure of the bylaws to comply with the provisions of this chapter.
Wisconsin courts have held that "[a] marketable title is `one that can be held in peace and quiet; not subject to litigation to determine its validity; not open to judicial doubt.'" Turner v. Taylor, 2003 WI App 256, ¶ 11, 268 Wis.2d 628, 673 N.W.2d 716 (quoting Baldwin v. Anderson, 40 Wis.2d 33, 43, 161 N.W.2d 553 (1968)).
¶ 28 It is plain that the rental prohibition bylaws amendment does not render Gloria MacHutta's title to her condominium unit unmarketable because it in no way affects her ability to convey her interest in the unit. See Le Febvre, 87 Wis.2d at 531-32, 275 N.W.2d 154 (holding that rental restrictions affect the use of the unit, not the owner's ability to alienate his or her property). Gloria MacHutta retains precisely the same quality of title she possessed prior to the adoption of the bylaws amendment, and nothing about that amendment subjects her title to "litigation to determine its validity." See Turner, 268 Wis.2d 628, ¶ 11, 673 N.W.2d 716. The bylaws amendment restricted the use of the unit. It did not affect the quality of the unit's title or its alienability.
¶ 29 The MacHuttas cite Bankers Trust Co. of Cal. v. Bregant, 2003 WI App 86, 261 Wis.2d 855, 661 N.W.2d 498, for the proposition that condominium use restrictions prohibiting unit rental adversely impact marketability. The MacHuttas' reliance on Bankers Trust is misplaced. In that case, the condominium owners association invoked Wis. Stat. § 703.10(6) as part of its effort to prevent a sale of a condominium unit to a purchaser who expressed his intent to ignore the owner occupancy restriction in the bylaws. Id., ¶ 17. The court of appeals permitted the sale to proceed, stating:
[E]ven the potential of [the purchaser's] failure to occupy his purchased unit has no recognized legal relationship to the. . . transfer of title. . . . Wis. Stat. § 703.10(6)[] protects the title to a condominium unit in that its title cannot be rendered unmarketable or otherwise affected by any provision of the bylaws.
Id., ¶ 16. This holding is in direct contradiction to the interpretation of the statute advanced by the MacHuttas. Rather, the court in Bankers Trust reaffirmed that the proscription contained within Wis. Stat. § 703.10(6) is a protection of the title and is not a vehicle for a finding of impairment. Id., ¶¶ 18-19.
¶ 30 Both the statute and case law are clear: bylaws which comport with the declaration and state and federal law may not properly be construed as impairing the title or rendering it unmarketable.

V. CONCLUSION
¶ 31 We hold that the condominium bylaws amendment prohibiting the rental of condominium units is permissible under Wis. Stat. § 703.10(3). We further conclude that the condominium declaration in this case does not conflict with the bylaws amendment prohibiting unit rental. Having been duly adopted by the Association, the bylaws amendment is therefore enforceable under Wis. Stat. § 703.10(1). *134 Additionally, in accord with Wis. Stat. § 703.10(6), the bylaws amendment constitutes a mere restriction on the use of the condominium units, and does not in any way affect the quality of the units' title or marketability. Under the undisputed facts of this case, the Association is entitled to summary judgment as a matter of law. Accordingly, we affirm the decision of the court of appeals.
The decision of the court of appeals is affirmed.
¶ 32 DAVID T. PROSSER, J. (dissenting).
The majority opinion states the principal issue as follows: "[M]ay a condominium complex prohibit the rental of condominium units through an amendment to the bylaws, or must such a restriction be placed in the condominium's declaration?" Majority op., ¶ 1.
¶ 33 In my view, the majority asks the wrong question because the question it asks is not susceptible to a yes or no answer. Whether a condominium complex may prohibit the rental of condominium units through an amendment to its bylaws is dependent not only upon the condominium declaration and the condominium instruments[1] but also upon the facts of the case. These qualifications may be explained as follows.
¶ 34 First, Wis. Stat. § 703.10(3) (2007-08)[2] permits a condominium's bylaws to contain "any restriction or requirement respecting the use . . . of the units." However, Wis. Stat. § 703.30(4) also makes clear that "any conflict" between the declaration and a provision in the bylaws, or "any conflict" between the condominium instruments and a provision in the bylaws, must be resolved in favor of the declaration or the condominium instruments. (Emphasis added.) There is a conflict in this case. Thus, this case does not turn on general principles of condominium law. It turns on the terms of the condominium declaration.
¶ 35 Second, otherwise valid bylaws also must yield to conflicting statutory provisions. This principle is illustrated in Bankers Trust Co. of California v. Bregant, 2003 WI App 86, 261 Wis.2d 855, 661 N.W.2d 498. In Bankers Trust, the Woodlands Condominium Homeowner's Association tried to enforce the condominium's new owner-occupancy bylaw by blocking the sale of a foreclosed residential condominium unit to a buyer who did not intend to reside in the unit. Id., ¶¶ 1-4, 11, 13. The Association lost. Id., ¶¶ 1, 20. The court of appeals concluded that using a condominium bylaw to block a sheriff's sale would tend to make the title to the property unmarketable, contrary to statute. Id., ¶¶ 18-20 (citing Wis. Stat. § 703.10(6)).
¶ 36 Third, some condominium use restrictions are so fundamental that experts in the field prefer to see them placed in the declaration. Jesse S. Ishikawa & Brian W. Mullins, Drafter's Guide to Wisconsin Condominium Documents § 3.66 (2d ed.2007) (hereinafter Ishikawa & Mullins (2007)).
¶ 37 In a 2004 publication, these two authors wrote that:
We do not consider the association bylaws to be the appropriate place for putting the use restrictions. Bylaws should set out the rules for corporate *135 governance rather than rules for the leasing of individual units or the maximum weight of pets. Moreover, for the reasons discussed . . . infra, use restrictions have been invalidated in part because of their placement within the bylaws.
Jesse S. Ishikawa & Brian W. Mullins, Drafter's Guide to Wisconsin Condominium Documents § 3.65 (2004) (hereinafter Ishikawa & Mullins (2004)).
¶ 38 In their 2007 book, the authors appear to have modified their views, with the comment that "Use restrictions often appear in the declaration, but they can just as easily be placed in the association's bylaws or rules and regulations." Ishikawa & Mullins (2007), supra, at § 3.66. However, they add that "some restrictions. . . are so fundamental to the function of the condominium that they are appropriately included in the declaration." Id.
¶ 39 In their discussion of "Restrictions on Leases of Units" in the chapter on "The Declaration," Ishikawa & Mullins write the following:
[R]estrictions against the rental of units tend to be popular with unit buyers. Declarants tend to resist such restrictions, fearing that if the real estate market goes into a slump before the condominium units are all sold, they could be stuck holding a non-income-producing real estate asset for a long time. Finally, even those unit owners who don't want to see units rented recognize that there are situations in which rentals should be allowedfor example, when a unit owner is a professor taking a one-year sabbatical.
. . . .
[A] number of provisions should be inserted into the condominium documents for the protection of the association's and other unit owners' interests. It is probably best to put these provisions into the declaration, which is a recorded document that would have priority over any lease and would provide record notice to any potential tenant.

. . . .
The declarant, of course, may want to exempt its own units from these requirements.
Id. at § 3.69 (emphasis added).
¶ 40 Although a good argument can be made that condominium law has evolved from what it was 30 years ago, this evolution does not alter the intent of a declaration that was drafted 30 years ago. That is the effect of the majority opinion. Because I believe the majority is insufficiently attentive to the facts and the law that govern this case, I respectfully dissent.

I. BACKGROUND
¶ 41 Gloria and Steven MacHutta were the developers of the Apple Valley Gardens condominium. Steven MacHutta was the declarant and the person who incorporated the Apple Valley Gardens Association in July 1979.
¶ 42 Wisconsin repealed and recreated Chapter 703 of the Wisconsin Statutes, governing condominium ownership and regulation, in 1978. See Chapter 407, Laws of 1977. The applicable statutory law at the time Steven MacHutta filed the declaration in 1979 is virtually identical to the statutory law today. The applicable statutes have not been amended since 1978 in any way that reduces the declarant's rights in this case.
¶ 43 Chapter 703 defines "declarant" and "declaration." "`Declarant' means any owner who subjects his or her property to a condominium declaration established under this chapter." Wis. Stat. § 703.02(7). "`Declaration' means the instrument by which a property becomes subject to this chapter, and that declaration as amended *136 from time to time." Wis. Stat. § 703.02(8). Among other key provisions in Chapter 703 are the following:
703.04 Status of the units. A unit, together with its undivided interest in the common elements, for all purposes constitutes real property.
. . . .
703.09 Declaration. (1) A condominium declaration shall contain:
. . . .
(g) Statement of the purposes for which the building and each of the units are intended and restricted as to use.
. . . .
(j) Any further details in connection with the property which the person executing the declaration deems desirable to set forth consistent with this chapter. . . .
. . . .
703.10 Bylaws. (1) BYLAWS TO GOVERN ADMINISTRATION. The administration of every condominium shall be governed by bylaws. Every unit owner shall comply strictly with the bylaws and with the rules adopted under the bylaws, as the bylaws or rules are amended from time to time, and with the covenants, conditions and restrictions set forth in the declaration or in the deed to the unit. Failure to comply with any of the bylaws, rules, covenants, conditions or restrictions is grounds for action to recover sums due, for damages or injunctive relief or both maintainable by the association or, in a proper case, by an aggrieved unit owner.
. . . .
(3) PERMISSIBLE ADDITIONAL PROVISIONS. The bylaws also may contain any other provision regarding the management and operation of the condominium, including any restriction on or requirement respecting the use and maintenance of the units and the common elements.
. . . .
(5) AMENDMENT. The bylaws may be amended by the affirmative vote of unit owners having 67% or more of the votes. . . .
. . . .
703.24 Remedies for violations by unit owner or tenant of a unit owner. . . .
. . . .
(3) LIABILITY FOR VIOLATION BY TENANT.

. . . .
703.30 Rules of Construction. . . .
. . . .
(4) CONFLICTS IN PROVISIONS. If there is any conflict between any provisions of a declaration and provisions of a condominium plat or any provisions of the bylaws, the provisions of the declaration shall control. If there is any conflict between any provisions of any condominium instruments and any provisions of any bylaws, the provisions of the condominium instruments shall control. If there is any conflict between any provisions of any condominium instruments or any provisions of any bylaws and any provisions of this chapter, the provisions of this chapter shall control.
. . . .
703.31 Personal application. (1) All unit owners, tenants of the owners, employees of owners and tenants or any other persons that in any manner use property or any part thereof subject to this chapter shall be subject to this chapter and to the declaration and bylaws of the association adopted under this chapter.
(Emphasis added.)

II. Analysis
¶ 44 These condominium statutes must be applied to the facts of the case. Steven *137 MacHutta was the declarant who subjected his property to the declaration and to the provisions of Chapter 703. He complied with Wis. Stat. § 703.09(1)(g) by drafting a declaration that contained a statement of the intended purposes of the buildings and the units, and it contained restrictions as to use of these properties. The statement is contained in paragraph 8 of the declaration and reads as follows:
8. PURPOSERESTRICTION ON USE. The buildings and each of the units are intended for the purpose of single family residential use only and are restricted to that use. Any lease or oral or written rental agreement shall not relieve an owner from his obligation to pay common expenses or any other obligations imposed upon unit owners by this Declaration.
¶ 45 This paragraph states the overriding purpose of the buildings and the units: "single family residential use only." Conflicting uses are restricted. See Wis. Stat. § 703.30(4). The rental of condominium units is normally consistent with this stated purpose of the declaration. The lease and rental of units for "single family residential use" are clearly contemplated by virtue of the next sentence: "Any lease or . . . rental agreement shall not relieve an owner from his obligation to pay common expenses or any other obligations imposed upon unit owners by this Declaration." (Emphasis added.)
¶ 46 The language in paragraph 8 of the Apple Valley declaration contrasts with the language in the original bylaws drafted by the declarant of the Minooka Park Homes condominiums in Le Febvre v. Osterndorf, 87 Wis.2d 525, 525, 275 N.W.2d 154 (Ct. App.1979), a decision issued approximately six months before Steven MacHutta's declaration was filed. The original bylaws in that case read as follows:
In order to preserve high standards of maintenance and care and the other benefits from a low turnover of occupants, no unit may be rented without the prior written consent of the Board of Directors. The Board of Directors shall have the obligation to answer any written request by a unit owner accompanied by such information concerning the proposed tenant and the terms of the proposed lease as the Board of Directors uniformly requires, within 10 days after such request and failure to do so within the stipulated time shall constitute a consent by the Board of Directors to the proposed leasing.
Id. at 528, 275 N.W.2d 154 (emphasis added).
¶ 47 In Le Febvre, every person acquiring or using a condominium unit at Minooka Park Homes was put on notice from the beginning that "no unit may be rented without the prior written consent of the Board of Directors." Id. at 528, 534-35, 275 N.W.2d 154.
¶ 48 That is not the case here. More than 20 years after Apple Valley was established, the Association membership amended the bylaws to require that all units be owner-occupied. The 2002 amendment added: "No residential unit owner shall rent, lease or otherwise so devise any residential unit or any part therein." This amendment significantly altered a unit owner's rights to the use of his or her property. Inasmuch as most owners of multiple units cannot afford to occupy more than one unit in the same condominium complex, they are effectively forced to sell some of their property.
¶ 49 The majority opinion recognizes the need to address the issue of conflict between the revised bylaws and the declaration. See Majority op. ¶¶ 20-26. It resolves the issue by determining that there is no conflict. Id., ¶ 26. To support this *138 proposition, the majority observes that "No provision of the declaration expressly permits renting units." Id., ¶ 24. This observation misses a larger point.
¶ 50 Wisconsin Stat. § 703.04 provides that a condominium unit "for all purposes constitutes real property." (Emphasis added.) This section is cited in Le Febvre, 87 Wis.2d at 533 n. 7, 275 N.W.2d 154, where the court notes that, "The established law of real property is . . . applicable to condominium units," id. at 533, 275 N.W.2d 154. If the established law of real property is applicable to condominium units, then there is no need for the declaration to set out express permission for a unit owner to rent his property. The right to rent is inherent in the "exclusive ownership" of a unit. See Wis. Stat. § 703.05.
¶ 51 The understanding that a unit owner has a right to rent is confirmed, as it is today, by the statutes in place in 1979. Wisconsin Stat. §§ 703.24 and 703.31 refer explicitly to the tenants of unit owners.
¶ 52 This, admittedly, does not settle the issue. Condominium law is different from basic property law in that condominium property owners have shared responsibilities and are often subject to restrictions that traditional property owners are not. Nonetheless, restrictions on the use of property "are not favored in the law," McKinnon v. Benedict, 38 Wis.2d 607, 619, 157 N.W.2d 665 (1968) (quoting Mueller v. Schier, 189 Wis. 70, 82, 205 N.W. 912 (1925)) (internal quotations omitted), and where doubt exists about a restriction, that doubt should be resolved "in favor of the free use of property," id. (citing Stein v. Endres Home Builders, Inc., 228 Wis. 620, 629, 280 N.W. 316 (1938)).
¶ 53 Certainly, there is doubt here. Section 8 of the declaration confirms the inherent right to lease or rent for single family residential use when it refers to "[a]ny lease or oral or written rental agreement." There would be no need to specify a unit owner's continuing obligation to pay common expenses if the owner could not lease or rent the unit to a tenant under the declaration.
¶ 54 Section 8 of the declaration complies with Wis. Stat. § 703.09(1)(g) by stating a purpose and stating a restriction (namely, the restriction on unit use for a purpose other than "single family residential use"). Thus, it cannot be said that the declarant here did not know how to place a fundamental restriction in the declaration. Clearly, the declarant did not desire or intend to place a restriction on leasing or renting in the declaration.
¶ 55 The evidence for this is the fact that, after the declaration was filed, the declarant rented condominium units. The Association acknowledges that, in 1988, almost a decade after the declaration was filed, Gloria and Steven MacHutta owned 15 units that they rented to tenants.
¶ 56 To sum up, the declaration itself does not impair a unit owner's property right to lease or rent a condominium unit. By its language, the declaration recognizes that right. The statutes also recognize that right. The declarant's unbroken practice since the filing of the declaration was to rent some of the condominium units. In short, the amended bylaws appear to conflict with the declaration as it was intended and consistently interpreted.
¶ 57 The Association argues that the rule of construction set forth in Wis. Stat. § 703.30(5) requires condominium documents to be construed together in an attempt to "avoid legal technicalities that create conflict." It is not possible, however, to harmonize provisions that permit and prohibit owners to rent their condominium units. The fact that the 2002 amended bylaws allowed unit owners to continue renting to existing tenants underscores *139 the lawfulness of renting under the declaration.
¶ 58 Given a unit owner's right to rent under the declaration, it is very significant that the declarant took pains to provide himself with a veto power over amendments to the declaration.[3] Section 24 of the declaration reads as follows:
24. Amendment. Prior to the first meeting of the Association, this Declaration may be amended by the Declarant. Thereafter, his [sic] Declaration may be amended by an affirmative vote of not less than two-thirds of all votes entitled to be cast by unit owners at a meeting called for that purpose; provided, however, that so long as the Declarant is the owner of any unit, which has not initially been sold, no amendment shall be effective without the consent of the Declarant.

(Emphasis added.)
¶ 59 By this provision, Steven MacHutta did his best to protect his and Gloria's right to rent. This bargained-for provision ostensibly firmed up the MacHuttas' right to rent for as long as they owned any unsold unit within the Association.
¶ 60 Arguably, the veto provision prevents any amendment to the declaration over the opposition of the declarant, so long as the declarant is the owner of any unsold unit within the Association. Whether a bona fide amendment to the declaration would prevail over such a restriction is an interesting question that would have come to the fore if the Association had tried to amend the declaration. In any event, it is difficult to see how a declarant who tried explicitly to assure his veto power over a disfavored amendment to the declaration nonetheless intended to permit an amendment to the bylaws that would undo the economic interest in renting that he was trying to protect by his veto power.
¶ 61 This brings us to Wis. Stat. § 703.30(4), which is central to this litigation. It reads: "If there is any conflict between any provisions of a declaration and . . . any provisions of the bylaws, the provisions of the declaration shall control." Wis. Stat. § 703.30(4) (emphasis added). To contend that there is no conflict between any provision in the declaration and any provision in the amended bylaws simply ignores reality. Yet, to concede "any conflict" decides the case for the MacHuttas.
¶ 62 When a unit owner's right to rent is abrogated by an amendment to the condominium bylaws, the owner's investment and the owner's ability to relocate temporarily for employment or family can be seriously affected. The abrogation can also adversely affect the rights of third parties, such as mortgagees. Chapter 703 permits these rights and interests to be adversely affected but only in accordance with the declaration and the statutes. Because that did not happen here, I must respectfully dissent.
NOTES
[1] Apple Valley Gardens Ass'n, Inc. v. MacHutta, 2007 WI App 270, 306 Wis.2d 780, 743 N.W.2d 483.
[2] All subsequent references to the Wisconsin Statutes are to the 2007-08 version unless otherwise indicated.
[3] As it was not briefed or argued before the Court, we decline to revisit the question of whether the 1988 settlement agreement between the Association and the MacHuttas permits Gloria MacHutta to rent her condominium unit notwithstanding the bylaws amendment.
[4] Wisconsin Stat. § 703.10(5) requires a 67 percent supermajority to amend a condominium's bylaws.
[5] The MacHuttas also assert that their position is supported by a condominium drafting treatise, citing the older 2004 edition of the treatise. The updated version of the treatise, however, states: "Use restrictions often appear in the declaration, but they can just as easily be placed in the association's bylaws or rules and regulations." Jesse S. Ishikawa & Brian W. Mullins, Drafter's Guide to Wisconsin Condominium Documents, § 3.66 (State Bar of Wisconsin CLE Books, 2007). The treatise further advises that "use restrictions should be flexible, and as a result, are more appropriately included in the bylaws or the rules and regulations." Id. Regardless, we here make clear that use restrictions, including prohibitions on renting units, may properly be placed in the bylaws under Wisconsin law.
[6] The MacHuttas' position is not entirely clear. They claimed in their reply brief in support of their motion for judgment on the pleadings that conflict exists between the declaration and bylaws. The MacHuttas later disclaimed any reliance on any conflict between the declaration and the bylaws in their reply brief in support of their motion for summary judgment: "The Association misunderstands and misstates the MacHuttas' argument, stating erroneously that it is based on a conflict between the bylaws and the Declaration." However, while they do not expressly state the word "conflict" in their initial brief to this Court, the MacHuttas do contend that "any doubt as to the appropriate interplay of the statutes or the relationship between the declaration and the bylaws . . . should be resolved against a restriction on use being effective." They also contend in their reply brief that the alleged conflict between the declaration and the bylaws must be resolved by honoring the declaration.
[1] "`Condominium instruments' mean the declaration, plats and plans of a condominium together with any attached exhibits or schedules." Wis. Stat. § 703.02(5) (2007-08).
[2] All subsequent references to the Wisconsin Statutes are to the 2007-08 version unless otherwise indicated.
[3] See Wis. Stat. § 703.09(1)(j) (allowing the declaration to include "[a]ny further details in connection with the property which the [declarant] deems desirable . . . except those provisions which are required to be included in the bylaws").