Deanna BROWN, Plaintiff-Appellant,†

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
United Healthcare Insurance Company
and State Farm Mutual Automobile Insurance
Company, Involuntary-Plaintiffs,

v.

TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.
and Michael Kuester,
Defendants-Respondents.

Cynthia EULENBACH and
Wayne Eulenbach,
Plaintiffs-Appellants,†

Tricare a U.S. Government designee and
State Farm Mutual Automobile Insurance
Company, Involuntary-Plaintiffs,

v.

TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.
and Michael Kuester, Defendants-Respondents.

Court of Appeals

*No. 2011AP454. Submitted on briefs January 11, 2012.
—Decided March 21, 2012.*

2012 WI App 45

(Also reported in 811 N.W.2d 872.)

† Petition for Review filed.

708

710

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert I. Dumez* of *O'Connor, Dumez, Alia & McTernan*, S.C., Kenosha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Jeffrey S. Fertl* of *Hinshaw & Culbertson, LLP*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J. Michael Kuester leased a car from Nissan in 2007. The lease agreement required him to obtain motor vehicle liability insurance. Kuester failed to maintain a liability policy and was thereafter in an accident which injured Deanna Brown and her passenger Cynthia Eulenbach. As Kuester was uninsured, Brown and Eulenbach sued Nissan and its insurer, Tokio Marine & Nichido Fire Insurance Co., Ltd. Tokio Marine argues that its policy with Nissan excludes lessees and we agree. Nissan, however, did not file a certificate of insurance with the Department of Transportation when it leased the car to Kuester, and therefore Tokio Marine is liable for up to the statutory minimum amounts of coverage of $25,000 per person and $50,000 per accident.

## BACKGROUND

¶ 2. On January 30, 2007, Kuester entered into a thirty-nine-month lease for a Nissan Altima. On November 23, 2007, Kuester swerved across the center line of traffic and hit Brown's vehicle head on, seriously injuring Brown and her passenger Eulenbach.[2] At the

---

[2] Kuester subsequently pled guilty to causing great bodily harm by use of a motor vehicle while under the influence of a controlled substance.

time of the accident, Kuester, despite a contractual obligation in the lease, did not have a personal auto insurance policy in force.

¶ 3. Brown and Eulenbach filed suit against Kuester and a direct action against Tokio Marine (which had previously issued a $5 million business auto coverage policy to Nissan).[3] Kuester did not answer. Tokio Marine answered that its policy did not provide coverage to Kuester.

¶ 4. The Tokio Marine policy provides that an "insured" is anyone using a "covered auto" with Nissan's permission. Two distinct endorsements to the policy are at issue in this case. The first is the "Contingent Coverage for 'Leased Autos' " endorsement, which excludes coverage for "any person operating a 'leased auto.' " Both parties agree that Kuester, as a lessee, falls within this exclusion.

¶ 5. The second endorsement is a two-page endorsement called "Wisconsin Changes," which provides that "[t]he following is added to **Who Is An Insured**: Anyone else is an 'insured' while using a covered 'auto' [Nissan] own[s] with [Nissan's] or any adult 'family member's' permission." Brown and Eulenbach argue that this endorsement brings Kuester back into coverage under the Tokio Marine policy because, as a lessee, Kuester had Nissan's permission to use its leased automobiles. The Wisconsin Changes endorsement also makes the Tokio Marine policy compatible with Wisconsin law.

---

[3] The lease was originally issued by Rosen Nissan in Milwaukee. It was later assigned to Nissan-Infiniti LT. Nissan Motor Acceptance Corp. is both the servicing agent for Nissan-Infiniti LT and the holder of the Tokio Marine policy. For ease of reference, the lessor in this case will be collectively referred to as "Nissan."

¶ 6. Tokio Marine filed a motion for summary/ declaratory judgment asking the circuit court to declare that the policy did not provide coverage. Tokio Marine argued that: (1) as a lessee, Kuester was excluded as an insured and therefore the policy does not provide coverage; (2) Brown and Eulenbach could not bring a direct action against Tokio Marine because the policy was not issued or delivered in Wisconsin;[4] and (3) even if coverage existed, Tokio Marine's exposure was limited to the statutory minimum amounts of $25,000 per person and $50,000 per accident as set forth in WIS. STAT. § 344.01(2)(d) (2007–08).[5] Brown and Eulenbach responded that the plain language of the policy's Wisconsin Changes endorsement added Kuester back in as an additional insured. They also argued that even if the Wisconsin Changes endorsement did not add Kuester back in, WIS. STAT. § 632.32(3), Wisconsin's "omnibus coverage statute,"[6] provided coverage to Kuester.

¶ 7. The circuit court ruled that: (1) the Wisconsin Changes endorsement did not override the coverage exclusion for lessees; (2) the policy was subject to

---

[4] Tokio Marine mailed the policy from California and sent it to a Nissan office in Tennessee.

[5] WISCONSIN STAT. § 344.01(2)(d) (2007–08) provided for minimum amounts of coverage of $25,000 per person and $50,000 per accident. In 2009, those amounts were increased to $50,000 and $100,000 for accidents occurring after January 1, 2010. 2009 Wis. Act 28, § 2962t. The law was rewritten and on November 1, 2011, the $25,000/$50,000 minimums were restored. 2011 Wis. Act 14, §§ 4, 29. As the accident occurred on November 23, 2007, we refer to the 2007–08 version of the Wisconsin Statutes in this opinion unless otherwise noted.

[6] See LaCount v. General Cas. Co., 2006 WI 14, ¶ 2, 288 Wis. 2d 358, 709 N.W.2d 418.

Wisconsin law; and (3) liability was limited to the statutory minimum amounts of $25,000 per person and $50,000 per accident. Brown and Eulenbach appeal.

## STANDARD OF REVIEW

██

¶ 8. Summary judgment is appropriate when there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). The interpretation of an insurance policy and Wisconsin statutes are questions of law that we review de novo. *See McKillip v. Bauman*, 2005 WI App 165, ¶ 9, 285 Wis. 2d 646, 702 N.W.2d 79.

*Do the Terms of the Policy Provide Coverage?*

¶ 9. We apply a three-part test to determine if an insurance policy provides coverage. *American Family Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶ 24, 268 Wis. 2d 16, 673 N.W.2d 65. We first look to see if the insurance policy makes an initial grant of coverage based on the facts. *Id.* If it does not, our analysis ends. *Id.* If the claim does trigger an initial grant of coverage, we then determine if there are any exclusions that preclude coverage. *Id.* An exclusion is a clause that limits coverage. *Muehlenbein v. West Bend Mut. Ins. Co.*, 175 Wis. 2d 259, 265–66, 499 N.W.2d 233 (Ct. App. 1993). Finally, we look to see if any of the exclusions have exceptions that would reinstate coverage. *American Girl, Inc.*, 268 Wis. 2d 16, ¶ 24. An exception only applies to the exclusion clause within which it appears; in other words, an exception to an exclusion cannot trump the insurance policy or a separate exclusion. *Id.*

¶ 10. The Tokio Marine policy provides that an "insured" is anyone using a "covered auto" with Nissan's permission. As a "leased auto" is covered under the policy, and as Kuester was a lessee, we assume without deciding that the initial terms of the policy provide coverage.[7]

¶ 11. Our inquiry then moves to whether any exclusions within the policy preclude coverage. A three-page endorsement at the end of the policy entitled "Contingent Coverage for 'Leased Autos,'" states that coverage does not extend to lessees. Brown and Eulenbach acknowledge that this exclusion clearly precludes coverage for Kuester.

■

¶ 12. Given the exclusion from coverage, we then look to see if the exclusion has an exception that reinstates coverage. Brown and Eulenbach argue that the Wisconsin Changes endorsement is an exception to the lessee exclusion and thus brings Kuester back under the Tokio Marine policy. We disagree.

¶ 13. "An exception pertains only to the exclusion clause within which it appears . . . ." *Id.* The Wisconsin Changes endorsement is separate from the lessee exclusion endorsement. The Wisconsin Changes endorsement says nothing about lessees and thus is unrelated to the lessee exclusion endorsement. "[T]he applicability of an exception will not create coverage if the insuring agreement precludes it or if a separate exclu-

---

[7] Tokio Marine argues that Kuester was not a permissive user because he was behind in his lease payments and failed to purchase liability insurance as required by the lease. As we are holding that the terms of the Tokio Marine policy do not provide coverage for Kuester, we decline to address this argument. Appellate decisions should be decided on the narrowest grounds possible. *State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997).

sion applies." *Id.* We hold that the Wisconsin Changes endorsement does not address lessees and is not an exception to the lessee exclusion endorsement. The Tokio Marine policy does not provide coverage for Kuester.

### Does the Omnibus Coverage Statute Mandate Coverage?

¶ 14. Brown and Eulenbach argue that, regardless of whether the Tokio Marine policy covers Kuester, coverage is mandated by Wisconsin's omnibus coverage statute, Wis. Stat. § 632.32(3), which provides that every automobile and motor vehicle insurance policy issued or delivered in Wisconsin (with some exceptions) must include:

> (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

> (b) Coverage extends to any person legally responsible for the use of the motor vehicle.

*Id.* Brown and Eulenbach argue that as Kuester was legally responsible for the use of the leased vehicle, the omnibus coverage statute mandates coverage.

██ ██

¶ 15. Tokio Marine counters that the omnibus coverage statute does not apply per Wis. Stat. § 632.32(1),[8] as the policy was issued and delivered outside of Wisconsin. Tokio Marine ignores that its policy includes the Wisconsin Changes endorsement.

---

[8] WISCONSIN STAT. § 632.32(1) states that "this section applies to every policy of insurance issued or delivered in this state."

When a policy is issued and delivered outside of Wisconsin, the omnibus coverage statute applies if it was incorporated into the insurance contract. *See Danielson v. Gasper*, 2001 WI App 12, ¶ 10, 240 Wis. 2d 633, 623 N.W.2d 182 (WI App 2000). Given that the Wisconsin Changes endorsement expressly conforms the policy to Wisconsin law, we hold that Tokio Marine incorporated the omnibus coverage statute into the policy.[9]

¶ 16. Although the omnibus coverage statute applies, it does not mandate coverage for Kuester. WISCONSIN STAT. § 632.32(5)(e) allows for an insurance policy to "provide for exclusions not prohibited by sub. (6) or other applicable law." Section 632.32(6) does not prohibit an automobile insurance policy from excluding coverage for lessees. Thus, Tokio Marine's lessee exclusion conforms to the omnibus coverage statute and § 632.32(3) does not mandate coverage for Kuester.

*Does WIS. STAT. § 344.51(1m)*
*Mandate Coverage by Nissan?*

¶ 17. WISCONSIN STAT. § 344.51(1m) requires a lessor, before leasing a vehicle, to file a certificate with the

---

[9] In its motion for summary/declaratory judgment before the circuit court, Tokio Marine argued that it could not be sued under Wisconsin's direct action statutes because the policy was not issued or delivered in Wisconsin and because Kuester was not an insured under the policy. *See* WIS. STAT. §§ 632.24, 803.04(2)(a). On appeal, Tokio Marine now argues that the omnibus coverage statute does not apply because the policy was issued and delivered outside of Wisconsin. While these two arguments are intertwined, we decline to address the direct action argument as Tokio Marine did not develop it before this court.

Department of Transportation verifying that the vehicle has liability insurance. The statute, in relevant part, reads:

> No lessor . . . may for compensation . . . lease any motor vehicle unless there is filed with the [D]epartment [of Transportation] . . . a certificate for a good and sufficient bond or policy of insurance issued by an insurer . . . . The certificate shall provide that the insurer which issued it will be liable for damages caused by the negligent operation of the motor vehicle in the amounts set forth in [WIS. STAT. §] 344.01(2)(d).

We agree with Brown and Eulenbach that Nissan violated this statute when it leased a vehicle to Kuester without filing a certificate of insurance with the Department of Transportation. Section 344.51(1m) mandates coverage by the lessor in the amounts set forth in WIS. STAT. § 344.01(2)(d), which are $25,000 per person and $50,000 per accident.

¶ 18. The purpose of WIS. STAT. § 344.51 is to protect people harmed by the negligence of a lessee. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 297, 349 N.W.2d 733 (Ct. App. 1984). Violation of this statute by a lessor does not, however, create unlimited liability. *See Boatright v. Spiewak*, 214 Wis. 2d 507, 513–16, 570 N.W.2d 897 (Ct. App. 1997) (even assuming a rental car company did not comply with § 344.51(1), its liability for a lessee's negligence is not unlimited but is governed by the statutory minimum amounts of coverage).[10] Lessors are not the alter egos of their negligent lessees. *See Boatright*, 214 Wis. 2d at 520.

---

[10] The version of WIS. STAT. § 344.51 applicable in *Boatright v. Spiewak*, 214 Wis. 2d 507, 570 N.W.2d 897 (Ct. App. 1997),

Nissan's failure to file a certificate of insurance with the Department of Transportation when it leased the vehicle to Kuester means that Tokio Marine is liable to Brown and Eulenbach in the amounts of $25,000 per person and $50,000 per accident.[11]

## CONCLUSION

¶ 19. The Tokio Marine policy does not provide coverage to Kuester, as it contains an express exclusion for lessees. The omnibus coverage statute does not mandate coverage as WIS. STAT. § 632.32(5)(e) allows an insurance policy to provide for exclusions, such as those present in this case. Tokio Marine, however, is liable up to the amounts of $25,000 per person and $50,000 per accident for violating WIS. STAT. § 344.51(1m). The circuit court's decision is affirmed in all respects.

*By the Court.*—Orders affirmed.

---

referenced only rental car companies and not lessors. *See* § 344.51(1) (1993–94). The principles, however, are the same.

[11] Tokio Marine does not contest that it is liable for Nissan's violation of WIS. STAT. § 344.51(1m).